VERNON HUSTON, APPELLANT, v. CHARLES N. ROBINSON,
APPELLEE.

13 N. W. 2d 885

FILED APRIL 7, 1944.   No. 31699.

*Pilcher & Haney,* for appellant.

*Kennedy, Holland, DeLacey & Svoboda, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE,
YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

This is an action brought by the plaintiff for damages resulting from personal injuries sustained in a collision between an automobile in which he was riding and that of the defendant which was standing on a paved highway. The trial court directed a verdict for the defendant at the close of plaintiff's evidence and plaintiff appeals.

The evidence shows that on April 27, 1942, plaintiff appeared at Ft. Crook, Nebraska, for the purpose of taking a physical examination to determine his fitness for army service. At the time of the accident he was being returned to Omaha in an army reconnaissance car as a rejected draftee. The automobile being used was one usually described as a station wagon. It contained three seats, the first two having a capacity of two passengers and the third a capacity of three. The plaintiff was sitting on the right side of the second seat. The car was being driven by one Schumacker, a member of the armed forces.

The car left Ft. Crook at approximately 2:45 p. m. and traveled north on highway No. 73-75. The highway consisted of four lanes, two for northbound and two for southbound traffic. There was a 12-foot shoulder on each side of the paved portion of the highway, the surface of which was hard and level. The pavement was dry, with little skiffs of dust on it. The wind was blowing with such force that one's vision was impaired, especially in the cut on the hill about a mile and a half north of Ft. Crook. The car approached the crest of the hill at a rate of speed estimated at 30 miles an hour. As the dust became thicker the car was slowed down at the request of one of the passengers, so that it entered the dust area at 20 miles an hour. The evidence is that the dust was so bad that one could not see to exceed 15 feet. As the car went over the brow of the hill, a car standing on the pavement directly in the path of the car in which plaintiff was riding suddenly became visible. The driver turned the car to the left in an attempt to avoid a collision, but due to the short distance was unable to do so. The evidence is that the standing car was from 10 to 15

feet away when it was first observed. As a result of the collision the car in which plaintiff was riding was overturned and the plaintiff injured. He was taken from the car and laid on the pavement close to the overturned car. Shortly thereafter a car driven by one Siefkin crashed into the overturned car from the rear, causing such overturned car to be thrown on and against the plaintiff and causing additional injuries to his person. At the conclusion of this evidence the trial court directed a verdict for the defendant.

In considering the evidence before us it must be borne in mind that plaintiff was not driving the car in which he was riding. He was sitting in the seat behind the driver on the opposite side of the car. As the car approached the crest of the hill and the dust condition became more noticeable, the passenger sitting beside the plaintiff warned the driver of the danger and suggested that the car be slowed down. The evidence is that the driver thereupon reduced his speed from 30 to 25 miles an hour. As the dust became thicker the same passenger suggested that the speed be further reduced and the driver complied by reducing the speed to 20 miles an hour. The driver having been fully warned of the dust condition by one of the passengers, the others were clearly under no obligation to do more. It seems to us that plaintiff under the circumstances shown was not guilty of any negligence.

The question then arises whether the negligence of the driver of the car in which plaintiff was riding was the sole proximate cause of the collision as a matter of law. If it was, the plaintiff has no cause of action against the defendant. But if the record shows that the drivers of both cars were negligent and that the collision would not have occurred but for the negligence of each, either or both are liable for the damages caused. *Koehn v. City of Hastings,* 114 Neb. 106, 206 N. W. 19. In the final analysis the question to be determined is whether the driver of defendant's car was guilty of any negligence but for which no collision would have occurred.

The evidence shows that the reconnaissance car was trav-

eling at 20 miles an hour when the accident happened. At that time vision was limited to 15 feet because of the dust. Whether or not the car was being driven too fast to be stopped within the distance of the driver's vision is not shown, except that such driver did fail to stop in time to avoid the accident. We think that the driver of the reconnaissance car was negligent in failing to have his car under such control that he could stop it within the distance of his vision, and such negligence would undoubtedly be sufficient to bar a recovery in a suit by such driver as a matter of law. Even though such driver is negligent, we do not think the evidence shows as a matter of law that his negligence was the sole proximate cause of the accident. The record shows that when the reconnaissance car left Ft. Crook, the day was clear and visibility good, though the wind was blowing. As the car approached the crest of the hill where the accident occurred, the dust became thicker and visibility poorer. The conditions as to visibility were variable and constantly changing as the car proceeded over the hill.

The only evidence in the record concerning the car being driven by defendant's wife is that it was standing on the pavement directly in the path of the reconnaissance car. Why it had stopped or how long it had been standing there is not apparent from the record. In reference to parking on highways, our statute says in part: "No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, * * * when it is practicable to park or leave such vehicle standing off the paved or improved or main traveled portion of such highway; * * * nor unless a clear view of such vehicle may be obtained from a distance of two hundred feet in each direction upon such highway." Comp. St. Supp. 1941, sec. 39-1154. Where the evidence shows that a vehicle was left standing on the paved, improved or main traveled portion of a highway, a *prima facie* violation of the statute is established and it is encumbent upon the person charged to show the existence of facts which take him out of the scope of the act. In the instant

case, therefore, the evidence that the defendant's car was standing on the pavement is evidence of a violation of statute relative to the use of motor vehicles on a highway which, if found to be true, is evidence of negligence which the jury may consider in connection with all the other facts and circumstances in determining whether or not the driver of defendant's car was negligent. In this connection we do not hold that the temporary stopping of an automobile on the proper side of a highway for a necessary purpose is negligence in all cases, the right to stop when the occasion demands being an incident to the right of travel. But in the present case there is no evidence indicating that it was not practicable to have moved the car off the highway and consequently the evidence is sufficient to show that there was a noncompliance with the statute. This is evidence of negligence, which the jury may properly consider.

The quoted statute declares that it is unlawful to park or leave any vehicle standing upon the paved, improved or main traveled portion of any highway when it is practicable to park or leave it standing elsewhere. Assuming that the driver of defendant's car was faced with the same physical conditions as testified to by the driver of the reconnaissance car, and that visibility was good within a range of 15 feet, it would apparently have been practicable to have moved the car off the paved portion of the road. It might be argued that the stop had just been made and that time would not have permitted this movement before the collision. This is rebutted by the evidence of plaintiff, who stated that visibility was good before reaching the crest of the hill and that the car had not been previously seen by him. We think the evidence sufficient, under the state of the record, to take the question of the negligence of the driver of defendant's car to the jury. If, as contended by the plaintiff, the driver of defendant's car was negligent, under the circumstances shown, in parking or leaving the car standing on the paved portion of the highway, such negligence would be a direct contributing factor in the accident and afford the plaintiff a basis for recovery.

Where visibility is lacking, the likelihood of danger in attempting to proceed is thereby brought to the attention of the driver. With this knowledge in mind he is required to exercise the care of a reasonable and prudent person under similar circumstances. Whether the driver of the reconnaissance car operated it in such a manner that his negligence, under all the evidence and circumstances shown, was the sole proximate cause of the accident, is clearly for the jury to determine.

On the other hand, there is danger of being struck from the rear when one stops his car because of poor visibility on a highly traveled highway. The law imposes certain requirements upon a driver in thus blocking the highway. The purpose of the statute hereinbefore quoted is to keep the highway free from obstruction by standing vehicles. The requirement in that respect is positive unless circumstances exist which make moving of the vehicle off the paved, improved or main traveled portion of the highway impracticable. A practical necessity for leaving defendant's car upon the paved portion of the highway is not shown by the evidence in this case and, giving the evidence every intendment in plaintiff's favor as we are required to do when a verdict has been directed against him, we think it is sufficient to make the question of the negligence of the driver of defendant's car a jury question.

We conclude that the action of the trial judge in directing a verdict for the defendant was erroneous. The judgment is reversed and the cause remanded for a new trial.

REVERSED.

YEAGER, J., concurs in the result.