**David J. POWERS, a minor, by and through his Father and Next Friend, Edward J. Powers, Appellant,**

v.

**Cherry E. WONG and K. C. Wong, Appellees.**

**No. 72–1355.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1973.

Decided March 13, 1973.

Thomas J. Walsh and Michael R. O'Malley, Omaha, Neb., for appellant.

Stephen G. Olson, Omaha, Neb., on brief for appellees.

Before MATTHES, Chief Judge, BRIGHT, Circuit Judge, and TALBOT SMITH,* District Judge.

PER CURIAM.

This case involves a collision between an automobile owned and used by defendants Cherry E. Wong and K. C. Wong, driven by defendant Cherry Wong, and a motorcycle owned and driven by plaintiff David J. Powers. The collision occurred as plaintiff was driving north on Highway 73–75 in Sarpy County, Nebraska, at the intersection

---

* Hon. Talbot Smith, Senior United States District Judge, Eastern District of Michigan, sitting by designation.

with Chandler Road. Issues of negligence, contributory negligence and comparative negligence were submitted to the jury over plaintiff's objections and the jury returned a verdict less in amount than plaintiff's admitted special damages. Plaintiff filed Motion for a New Trial alleging that there was error in the Court's submission to the jury of the issues of defendant's negligence and of plaintiff's contributory negligence, and comparative negligence, "but mainly asserts that the Court erred in submitting the question of contributory negligence to the jury." [1]

As we held in Mittlieder v. Chicago & Northwestern Ry. Co., 413 F.2d 77 (8th Cir. 1969), "In determining the sufficiency of the evidence to submit the issue to the jury, the Nebraska standard enunciated in Howell v. Robinson Iron & Metal Co., 173 Neb. 445, 113 N.W.2d 548 (1962), that the conclusion must be 'reasonably' supported by circumstantial evidence is equivalent to the federal standard applicable in like circumstances that the conclusion should be within the range of 'reasonable probability'." (Footnote omitted)

So far as the appellee is concerned, her conduct was obviously negligent. She proceeded to cross the highway after having observed from her stopped position that oncoming vehicles were only some 100 yards away (approximately 5 seconds of their estimated travel time). She entered the intersection without making sufficient observation of the oncoming vehicles (which had the right-of-way) to estimate their speed, and after such entry, as she proceeded forward, she (in her own words) "took [her] eyes off the Volkswagon and the motorcycle." Lieutenant King's, driver of the Volkswagon, evasive action was a swerve to his left, plaintiff's was

the application of his brakes (leaving 29 feet of skidmark), plus a swerve to the right, which, unfortunately, was not sufficient, impact occurring on defendant's right door.

We have searched the record and the briefs in our attempt to discover just what plaintiff did under these circumstances to reasonably justify a charge of contributory negligence. It is argued that Lieutenant King did not see the defendant's vehicle until it entered his lane, "nor did the plaintiff, David Powers," though there is no transcript reference in substantiation of Powers' lack of comprehension and it is conceded by appellee that he had "no recollection at all of the happening of the accident." Defendant argues, also, that although Lieutenant King was decelerating as he approached "this congested intersection", the plaintiff was not. But the record is clear that although this is a dangerous and unusual intersection, far from being "congested", the traffic "was extremely light" and there were no cars ahead.[2] The reason that Lieutenant King was decelerating was not because of an approaching congested intersection but because he and the motorcycle had been side by side for about two miles and "Just before the accident, I had begun to decelerate because I don't like to drive directly beside anyone. However, if the motorcycle was ahead of me at the time of the accident, it was only a split-second ahead." [3]

We are constrained to hold, on the basis of this record, and viewing all of the evidence, together with reasonable inferences therefrom, in the light most favorable to the prevailing party, that there was insufficient evidence of contributory negligence to go to the jury.

The case is reversed and remanded for new trial on the issue of damages only.

1. Memorandum and Order upon plaintiff's Motion for New Trial.

2. Appendix 31.

3. Appendix 32