ELNA M. FLEISCHER, APPELLANT, V. LAVERN ROSENTRATER, APPELLEE.

207 N. W. 2d 372

Filed May 11, 1973. No. 38674.

Padley & Dudden, for appellant.

Stewart & Stewart and Roy E. Blixt, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

The basic issue in this case is whether the trial court erred in submitting the issue of contributory negligence to the jury, which returned a verdict for the defendant in this action for personal injuries and property damage arising out of an automobile collision on a gravel road in Custer County, Nebraska. The trial court entered a judgment for the defendant and the plaintiff prosecutes this appeal from the overruling of a motion for a new trial. We affirm the judgment of the District Court.

This is a rear-end collision case, between a parked car on a gravel country road and the defendant's automobile approaching from the rear. As usual, in this continually recurring type of rear-end collision - parked car case - the question involved is whether the court should submit the issue of negligence or contributory negligence for violation of section 39-757, R. R. S. 1943, which provides first that no person shall park or leave standing any vehicle on the main-traveled portion of any highway when it is practicable to park or leave such vehicle standing off the paved, improved, or main-traveled portion of such highway. And secondly the

statute also provides that in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than 15 feet upon the main-traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon such highway. Since the contention is that there is no evidence to justify the trial court in submitting the issue of contributory negligence on the part of the driver of the parked car, Mrs. Elna M. Fleischer, we review the evidence in some detail.

It shows that on January 17, 1963, the plaintiff, Mrs. Elna M. Fleischer, was following a truck occupied by her son, William Fleischer, and daughter-in-law, Marlene Fleischer, on State Highway No. 47 about 14 miles north of Gothenburg, Nebraska, in Custer County. They were proceeding south. They reached a point on the highway opposite the lane on the east side of the highway which led to the Fleischer home. William Fleischer turned into this lane, drove about 30 feet into it, and stopped. The plaintiff continued down the highway for about 10 feet or so beyond this lane to the south and stopped on the west side of the road. The plaintiff intended to pick up Marlene Fleischer, who had gotten out of the truck driven by her husband, William, and she and Mrs. Fleischer were to proceed on to church further south in Mrs. Fleischer's vehicle. Marlene Fleischer testified that she had gotten out of the truck and was going over to the plaintiff's car when she realized that she had forgotten her purse and so went back to the truck to get it. She got her purse and had just reached the back of the truck when she saw the defendant Rosentrater's car approach and strike the plaintiff's car. The right front of the Rosentrater vehicle came in contact with the left rear of the Fleischer vehicel and pushed it south and west into the borrow

ditch or pit on the west side of the road. The Rosentrater vehicle also came to rest in the west borrow ditch, 11 feet north of the Fleischer car.

State Highway No. 47 is a gravel-surfaced road. There was evidence that there had been a slight bit of snow early that morning, but by 1:45 p.m., the time of the accident, this was gone, and the evidence is that the day was dry and clear, with a wind out of the northeast at about 5 or 6 miles per hour. The defendant testified that the road was dusty and that his vision was obscured at times by clouds of dust stirred up by the vehicles preceding him. The plaintiff contended that the road and the atmosphere were clear at all times.

No issue was presented as to the evidence of the defendant's negligence. The quite strong preponderant evidence of his negligence as shown by the record in this case only serves to obscure the precise issue and that is whether there was evidence of the plaintiff's contributory negligence. The roadway in question was 24 or 25 feet in width. The state patrolman who investigated the accident testified without dispute that there was debris on the highway consisting of bits of glass and mud that appeared to have been jarred loose from the impact of the automobiles. In conjunction with the debris, the patrolman testified there was a trail of antifreeze that was left by the defendant Rosentrater's car as a result of damage to the radiator. It is undisputed that the right front of the Rosentrater vehicle came into contact with the left rear of the Fleischer vehicle. The beginning of the antifreeze trail was 13 feet from the east side and 11 feet from the west side of the road (24 or 25 foot width). The patrolman marked the presence of the debris and the antifreeze on exhibit 8. It demonstrates that the debris and the antifreeze were about in the exact center of the highway. The patrolman testified *that there were shoulders on the sides of the road.* There is also evidence that the radiator hose was pulled from its mounting by the collision and that

the antifreeze leak came from the right side of the radiator.

It becomes abundantly clear from the above evidence, and almost all of which was testified to by the state patrolman, and almost all of which is without dispute, that the defendant's automobile was stopped and standing in the main-traveled portion of the road. The evidence clearly supports, and almost conclusively, that the Fleischer vehicle was standing and stopped in the main-traveled portion of the roadway. Our court has consistently held that such facts constitute a prima facie violation of the statute sufficient to make a jury question and that it is incumbent upon the person charged to show the existence of facts which take him out of the scope of the statute. In Huston v. Robinson, 144 Neb. 553, 13 N. W. 2d 885, a case closely in point with the present one, this court held: "Where the evidence shows that a vehicle was left standing on a paved, improved or main traveled portion of a highway, *a prima facie violation of the statute is established and it is incumbent upon the person charged to show the existence of facts which take him out of the scope of the act.* In the instant case, therefore, *the evidence that the defendant's car was standing on the pavement is evidence of a violation of statute relative to the use of motor vehicles on a highway which, if found to be true, is evidence of negligence which the jury may consider* in connection with all the other facts and circumstances in determining whether or not the driver of defendant's car was negligent. * * * consequently, the evidence is sufficient to show that there was a noncompliance with the statute. This is *evidence of negligence, which the jury* may properly consider." (Emphasis supplied.)

We come to the conclusion, therefore, that the evidence clearly establishes a properly submissible issue of contributory negligence.

Giving maximum import to the plaintiff's argument, she seems to contend that she has, as a matter of law,

met the burden of proof on the issue of coming within the exceptions contained in the statute as to disability, excuse, or necessity. Although we have demonstrated that the proof of a violation of the statute is sufficient to carry this issue to the jury, we examine the evidence on this point. As we have pointed out it is incumbent upon her and not the defendant to sustain the burden of showing disability, excuse, or necessity. We point out that no necessity or emergency is shown to exist as a reason for stopping, other than her desire to pick up her daughter-in-law. Her car was not disabled or in any type of an emergency condition or situation that was present in the cases cited by the plaintiff. Her own evidence shows that the width of the roadway and the shoulder was sufficient for her to have pulled her car off the main-traveled portion of the road which she testified that she did, but the undisputed evidence of the patrolman leads to a strong inference that she did not. Further, the evidence is undisputed that she could have pulled clear off the highway and into the lane leading into her residence, the same lane that her son did pull the truck off into.

On the second portion of the statute relating to permitting 15 feet of clear and unobstructed roadway the evidence of the patrolman that the debris and the antifreeze trail was 11 feet from the west side of the road and 13 feet from the east side, together with the evidence as to the leak coming from the right side of the radiator, and the evidence that the right front of the defendant's vehicle struck the left rear of the plaintiff's vehicle are sufficient to warrant a finding by the jury that this provision in the statute was also violated and consequently resulted in a jury question as to the determination of her contributory negligence. We have examined the cases cited by the plaintiff and they are all clearly distinguishable from the present case and the applicable authorities.

Many of this type of rear-end cases have been before

our court and the law is well-settled that whether reasonable excuse for stopping existed, whether reasonable effort was made to remove the vehicle from the traveled portion of the highway, whether the reason for the stopping was the disability of the car, and whether reasonable precautions were taken for the protection of highway traffic are ordinarily questions for the jury. Peterson v. Skiles, 173 Neb. 470, 113 N. W. 2d 628. It is abundantly clear that there was a direct conflict in the evidence on this issue in the case between the plaintiff's testimony, the defendant's testimony, and the state patrolman's evidence. The trial court did not, and we can not, find as a matter of law either that the statute was not violated or that an emergency or suitable excuse was indisputedly demonstrated relieving the plaintiff from the prima facie application of the statute.

The District Court properly submitted the issue of the violation of the statute to the jury, recited the applicable sections of the statute to the jury, and properly warned the jurors that a violation of the statute, by itself, was not negligence, but was evidence of negligence that could be considered with all the other circumstances in the case. An examination of the other instructions covering the issue of contributory negligence reveals no error. They follow, in substance, the accepted standards set out in the Nebraska Jury Instructions covering these areas.

The submission of the issue of the plaintiff's contributory negligence by the trial court is correct. The judgment of the District Court is correct and is affirmed.

AFFIRMED.

CLINTON, J., concurring.

I concur in the result. I do not agree that a temporary stop on a level highway where there are no closely following vehicles and there is good visibility for vehicles approaching from the rear for a considerable distance makes a submissible issue on violation of the statute. Here there is evidence of restricted visibility

for vehicles following the plaintiff caused not only by the plaintiff's vehicle, but by the truck which it was following which turned off just before the accident. The jury could find that the plaintiff should have been aware of this and that possible finding plus the fact there was evidence that it was practicable for the plaintiff to have parked on the shoulder of the road and entirely off the main-traveled portion were circumstances which created a jury question as to the plaintiff's contributory negligence.

NEWTON, J., dissenting.

There were two critical issues in the trial of this case. First, was the defendant negligent and, if so, to what extent? Second, was the plaintiff contributorily negligent in stopping on the road?

The court instructed on the range-of-vision rule as follows: "A motorist ordinarily has a duty to drive an automobile on a public street or highway in such a manner that he can stop in time to avoid a collision with an object within the range of his vision, and he is negligent if he fails to do so.

"A motorist is not, however, negligent where the object *cannot be observed* by the exercise of ordinary care in time to avoid a collision." (Emphasis supplied.)

On the basis of this instruction, the jury may well have concluded that the existence of a dust cloud excused a violation of the rule. The rule, NJI No. 7.03 B, to the effect that the existence of dust required a reduction of speed and a commensurate degree of care on the part of defendant was directly in issue but not given.

The court instructed on the statute forbidding stopping on a highway but failed to instruct on the qualifying rule that the statute does not prohibit a momentary stoppage on the traveled portion of the highway under proper circumstances for a normal and reasonable purpose. See Greyhound Corp. v. Lyman-Richey Sand & Gravel Corp., 161 Neb. 152, 72 N. W. 2d 669. Under

the instruction given, a school bus driver stopping to drop or pick up a school child on a narrow 18-foot country road would be guilty of negligence. A similar finding necessarily followed in the present case.

The failure to give these two qualifying instructions was tantamount to directing a verdict for the defendant and was extremely prejudicial. In my judgment, this judgment should be reversed and the cause remanded for a new trial.

SPENCER and McCOWN, JJ., join in this dissent.

McCOWN, J., dissenting.

The majority opinion construes section 39-757, R. R. S. 1943, as applying to stopping on a highway to pick up passengers. In this case there is simply no dispute that the stopping was for the purpose of picking up a passenger who was in the process of coming across the road at the moment of impact. The language of this court in Greyhound Corp. v. Lyman-Richey Sand & Gravel Corp., 161 Neb. 152, 72 N. W. 2d 669, is entirely appropriate. In speaking of the identical statute, this court said: "We think this statute was not intended to prohibit a momentary stoppage on the paved portion of the highway under proper circumstances for a normal and reasonable purpose. A like statute was fully, and we think correctly, analyzed in Peoples v. Fulk, 220 N. C. 635, 18 S. E. 2d 147. Therein the court said: 'The temporary stop of the bus on the hard surface portion of the highway to take on a passenger did not constitute a violation of sec. 123(a), ch. 407, Public Laws 1937, which provides that "no person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway."

" 'The clause "whether attended or unattended" limits the meaning of the word "park" as well as of "leave

standing." The two terms, as thus limited are synonymous. A vehicle which is left standing is parked and a vehicle which is parked is left standing. Neither term includes a mere temporary stop for a necessary purpose when there is no intent to break the continuity of the "travel."

" ' "Park" or "leave standing" means something more than a mere temporary or momentary stop on the road for a necessary purpose. * * * Starting and stopping are as much an essential part of travel in a motor vehicle as is "motion." Stopping for different causes, and according to the exigencies of the occasion, is a natural part of the "travel." The right to stop when the occasion demands is incident to the right to travel.' "

The majority opinion holds in effect that stopping on the right half of a level stretch of graveled country road to pick up a passenger on a clear, dry, winter day, with no traffic ahead and only the defendant some distance behind, is a violation of section 39-757, R. R. S. 1943, and is negligence more than slight in comparison with the negligence of a defendant who fails to see the stopped vehicle in time and strikes it from the rear. There should have been a directed verdict for the plaintiff on the issue of liability with special instructions on the comparative negligence rule if the statute was to be applied at all.

Spencer, J., joins in this dissent.