500 F.2d 1233
 Leberta STARNS, Administratrix of the Estate of W. W.
Starns, a/k/a Jim Starns, Deceased, Appellant,
v.
Benton JONES and Samuel L. Garst, Appellees.
Alice Jean BURNEY, Administratrix of the Estate of Robert W.
Burney, Deceased, Appellant,
v.
Benton JONES and Samuel L. Garst, Appellees.
 Nos. 73-1767 and 73-1768.
 United States Court of Appeals, Eighth Circuit.
 Submitted April 16, 1974.
Decided Aug. 5, 1974, Rehearings and Rehearings En Banc
Denied Aug. 27, 1974.
 
 Edward F. Fogarty, Omaha, Neb., for appellant.
 Edward P. Welch, Omaha, Neb., for appellees.
 Before MATTHES, Senior Circuit Judge, and ROSS and WEBSTER, Circuit judges.
 WEBSTER, Circuit Judge.
 
 
 1
 On July 14, 1969, W. W. Starns and Robert W. Burney, his passenger, were killed when Starns' Volkswagon collided with a school bus, owned by Benton Jones and driven by his employee, Samuel Garst. The school bus, operated as part of a wheat-harvesting convoy, had been heading north from Kansas into Nebraska with a trailer carrying a combine header in tow. As the bus traveled north on Highway 61 in Perkins County, Nebraska, it approached the intersection of Highway 23 which was protected by stop signs. Garst had attempted to brake as he neared the signs but both his hydraulic braking system and his emergency hand brake failed. The bus and trailer proceeded through the intersection, colliding with the Starns VW, which had been traveling east on Highway 23.
 
 
 2
 The widows of Starns and Burney, as administratrices of their respective estates, each commenced a wrongful death action against Jones and Garst in the United States District Court in Nebraska.[1] Plaintiffs ultimately alleged 13 specific counts of negligence against defendants, who denied the charges generally and asserted sudden and unexpected brake failure and Starns' contributory negligence as defenses. The cases were consolidated for trial and tried to a jury before Judge Richard Dier. The jury returned verdicts in favor of both defendants and against both plaintiffs; following the entry of judgments thereon, plaintiffs moved for a new trial. These motions were denied by Judge Warren Urbom, to whom the case was assigned after Judge Dier's death. Plaintiffs appeal, and having considered each of the six issues presented for review, we affirm.
 
 
 3
 1. The Nebraska Safe Brake Statute.
 
 
 4
 Under Nebraska law, 39-773 (1968), every motor vehicle must be equipped with adequate brakes, including two separate means of applying the brakes, maintained at all times in good working order; moreover, all hand, parking, or emergency brakes must be capable of stopping vehicles weighing over 7,000 pounds within a maximum stopping distance of 65 feet, from a speed of 20 miles per hour. Unbeknownst to Garst, who for the first time attempted to use the hand brake for an emergency stopping situation, the hand brake on the school bus was extremely oily and thus ineffective for stopping the bus, which failed to stop after application of the hydraulic brakes.
 
 
 5
 Both parties agree that the general rule in Nebraska[2] is that a violation of a motor vehicle statute is evidence of negligence to be submitted to the jury and does not constitute negligence as a matter of law. See, e.g., Egenberger v. National Alfalfa Dehydrating & Milling Co., 164 Neb. 704, 83 N.W.2d 523, 531 (1957). Appellants, however, maintain that the violation of the Safe Brake Statute in the instant case was sufficiently egregious to have compelled a directed verdict in their favor.
 
 
 6
 We are not persuaded. Appellants' references to cases from other jurisdictions[3] and other factual contexts[4] contain no authority for departing from the rule articulated in Ziskovsky v. Miller, 120 Neb. 255, 231 N.E. 809 (1930), wherein the Nebraska Supreme Court specifically held that a violation of a prior version of the Safe Brake Statute, 'while * * * not negligence per se, * * * was a matter for the jury to take into consideration with all the other facts and circumstances in determining whether the defendant was guilty of negligence.' 231 N.W. 811. The Nebraska Supreme Court has consistently adhered to this general 'evidence of negligence' rule,[5] reiterated as recently as 1973 in Fleischer v. Rosentrater, 190 Neb. 219, 207 N.W.2d 372 (1973).[6] We find no error in the submission of this evidence to the jury.
 
 
 7
 2. The Burden of Proof Regarding Sudden Emergency.
 
 
 8
 In automobile negligence cases the Nebraska courts afford either party the opportunity of invoking the 'Sudden Emergency Doctrine':
 
 
 9
 '* * * 'Where one driving an automobile is suddenly confronted by an emergency, requiring instant decision, he is not necessarily guilty of negligence in pursuing a course which mature reflection or deliberate judgment might prove to be wrong.' * * * However, the above rule cannot be successfully invoked by either party in a negligence case unless there is competent evidence to support a conclusion that a sudden emergency actually existed, and then it cannot be successfully invoked by one who has brought that emergency upon himself by his own acts or who has not used due care to avoid it.' Watson Bros. Transportation Co. v. Jacobson, 168 Neb. 862, 97 N.W.2d 521, 525 (1959), quoting Roby v. Auker, 149 Neb. 734, 32 N.E.2d 491, 495 (1948).
 
 
 10
 The defendants in this case did invoke that doctrine, and appellants now assign error to the trial court's allocation of the burden of proof on that issue.
 
 
 11
 We agree with the trial court that the burden of proving negligence was on plaintiffs. While it was undisputed that the brakes on the school bus had failed, the plaintiffs were nonetheless required to persuade the jury that the brake failure was attributable to defendants' negligence and that the collision was proximately caused by such negligence. Where the Sudden Emergency Doctrine is successfully invoked, it does not provide an affirmative defense for a driver whose negligence has already been established; rather it precludes the opposing party from establishing a case of negligence in the first place. See Davis v. Dennert, 162 Neb. 65, 75 N.W.2d 112, 121 (1956), quoting Belik v. Warsocki, 126 Neb. 560, 253 N.W. 689, 691 (1934):
 
 
 12
 '* * * The law does not require under (sudden emergency) circumstances that no mistake should be made. All it requires is that one demean himself as an ordinary, careful and prudent person would have done, under like circumstances, and if he does that, he is not held to be negligent, even though he committed an error in judgment.'
 
 
 13
 We conclude that where, as here, the trial court simply instructed the jury that plaintiffs had the burden of proving one or more of the specifications of negligence alleged, no error occurred.[7]
 
 
 14
 3. The Instruction on Sudden Emergency.
 
 
 15
 Appellants contend that any emergency which might have occurred was not a sudden one since there was evidence that oil had been accumulating on the hand brake over a long period of time, a situation arguably brought about by defendants themselves. Thus appellants claim that the jury should not have been given a 'sudden emergency' instruction.
 
 
 16
 Appellants' argument misses the mark. The focus of the Sudden Emergency Doctrine is not the suddenness with which the emergency situation developed but rather the suddenness with which a driver became aware thereof. The doctrine explicitly envisions a driver 'suddenly confronted by an emergency, requiring instant decision . . ..' Watson Bros. Transportation Co. v. Jacobson, 168 Neb. 862, 97 N.W.2d 521, 525 (1959). At trial, the evidence of sudden brake failure was coupled with evidence of the limited responses available to defendant Garst, who testified that west of the intersection on Highway 23 a combine crew obstructed his view to the left, while east of the intersection another rig from the same wheat-harvesting convoy blocked his vision to the right. This evidence of the limited options open to Garst upon his discovery of the brake failure is precisely the type of evidence that a sudden emergency instruction is designed to explain to the jury.
 
 
 17
 In addition, Judge Dier's instruction, a standard one approved by the state supreme court,[8] informed the jury that the Sudden Emergency Doctrine would not apply to a party who had caused the emergency situation by his own negligence. Where, as here, there was evidence that the owner of the bus had had it completely overhauled only two months before the accident, we find that the challenged instruction properly presented a factual question of defendants' negligence to the jury. Moreover, by its language, the instruction afforded the benefit of the Sudden Emergency Doctrine not only to defendants but also to plaintiffs, who were likewise confronted by a sudden emergency when the bus proceeded through the intersection without stopping.
 
 
 18
 4. The Refusal to Instruct the Jury on the Kansas Litigation.
 
 
 19
 At the trial of this case, depositions taken in a related lawsuit pending in Kansas were read into evidence by counsel for the plaintiffs. In the Kansas case the same plaintiffs had filed suit against one Loren Bonham, a repairman who had completely overhauled the school bus, including both sets of brakes, approximately two months before the collision.[9]
 
 
 20
 Once plaintiffs had injected the subject of the Kansas litigation into the trial of the instant case, the defense counsel suggested to the jury, for impeachment purposes, that plaintiffs could not consistently hold liable the driver and owner of the bus as well as the repairman. On appeal, plaintiffs-appellants contend that although the suit against the repairman was dismissed during the course of the trial of the instant case, the jury was left with the prejudicial impression that plaintiffs were seeking double recovery by initiating two lawsuits. Plaintiffs had requested a curative instruction to the effect that the Kansas case had been dismissed, but Judge Dier refused.
 
 
 21
 Without reaching the question whether this refusal constituted error, we find that any error which might have occurred was, at most, harmless error. Fed.R.Civ.P. 61. Our conclusion is based on the fact that (1) the subject of the Kansas litigation was introduced by plaintiffs themselves; (2) the plaintiffs were permitted to argue to the jury that that lawsuit had been dismissed; and (3) further, Judge Dier instructed the jury to impute any negligence on the part of the Kansas repairman to the owner of the bus, Benton Jones, thereby negating any suggestion that plaintiffs might recover twice.[10]
 
 
 22
 5. The Submission of Contributory Negligence to the Jury.
 
 
 23
 According to plaintiffs-appellants, there was insufficient evidence of any contributory negligence on the part of Starns, the driver of the VW, to submit that issue to the jury; thus, they argue that Judge Dier's instruction thereon constituted prejudicial error.[11] We recognized the controlling rule in Powers v. Wong, 477 F.2d 116, 117 (8th Cir. 1973):
 
 
 24
 As we held in Mittlieder v. Chicago & Northwestern Ry. Co., 413 F.2d 77 (8th Cir. 1969), 'In determining the sufficiency of the evidence to submit the issue (of contributory negligence) to the jury, the Nebraska standard enunciated in Howell v. Robinson Iron & Metal Co., 173 Neb. 445, 113 N.W.2d 548 (1962), that the conclusion must be 'reasonably' supported by circumstantial evidence is equivalent to the federal standard applicable in like circumstances that the conclusion should be within the range of 'reasonable probability".
 
 
 25
 We discern from the evidence adduced in this case a reasonable question of fact concerning Starns' contributory negligence. Whether Starns could have stopped or swerved his car in time to avoid the collision appears from the record to have been a hotly contested issue at trial. Under the circumstances present in this record, a jury question was properly presented.
 
 
 26
 6. Other Assignments of Error.
 
 
 27
 We have reviewed appellants' challenges to the time limits imposed upon the closing arguments and to certain remarks made by the trial judge within the hearing of the jury. We find both of these challenges to be without merit.
 
 
 28
 The judgment of the District Court is affirmed.
 
 
 
 [1]
 In each case federal jurisdiction was based upon the parties' diversity of citizenship and the requisite amount in controversy. 28 U.S.C. 1332
 
 
 [2]
 None of the parties dispute the application of Nebraska law
 
 
 [3]
 E.g., Prunty v. Vandenberg, 257 Wis. 469, 44 N.W.2d 246 (1950); Kehrer v. McKittrick, 176 Ohio St. 192, 198 N.E.2d 669 (1964)
 
 
 [4]
 E.g., Baer v. Schaap, 168 Neb. 578, 97 N.W.2d 207 (1959), rev'd, 171 Neb. 347, 106 N.W.2d 468 (1960), appeal dismissed, 172 Neb. 414, 109 N.W.2d 724 (1961); Ritchie v. Davidson, 183 Neb. 94, 158 N.W.2d 275 (1968)
 
 
 [5]
 Nebraska Jury Instructions (1969), prepared by the Nebraska Supreme Court Committee on Pattern Jury Instructions, contains a general instruction worded as follows:
 EFFECT OF VIOLATION OF STATUTES AND ORDINANCES
 Any violation of a statute (ordinance) regulating the use and operation of motor vehicles upon the highways (streets) does not in and of itself constitute negligence, but any such violation is evidence of negligence which may be considered with all the other facts and circumstances in this case in determining whether or not the person so violating was negligent.
 NJI 7.02 at 152.
 The note following that instruction states in part that 'No Nebraska case has been found holding that the violation of an ordinance or statute relating to the operation of motor vehicles is negligence as a matter of law.'
 
 
 [6]
 '* * * In the instant case, therefore, the evidence that the defendant's car was standing on the pavement is evidence of a violation of statute relative to the use of motor vehicles on a highway which, if found to be true, is evidence of negligence which the jury may consider in connection with all the other facts and circumstances in determining whether or not the driver of defendant's car was negligent. * * * Consequently, the evidence is sufficient to show that there was a noncompliance with the statute. This is evidence of negligence, which the jury may properly consider.'
 Fleischer v. Rosentrater, 190 Neb. 219, 207 N.W.2d 372, 374 (1973), quoting Huston v. Robinson, 144 Neb. 553, 13 N.W.2d 885, 888 (1944).
 
 
 [7]
 A sudden emergency not attributable to either party to the litigation is analogous to a situation in which a third person, not party to the lawsuit, is alleged to be the cause of the accident; a defendant in a negligence action who makes such an allegation has not raised an affirmative defense and bears no burden of proof thereon. Schmidt v. Johnson, 184 Neb. 643, 171 N.W.2d 64, 67 (1969). See also Fisher v. Gate City Steel Corp., 190 Neb. 699, 211 N.W.2d 914 (1973)
 
 
 [8]
 The court's Instruction No. 26, which is found in Nebraska Jury Instructions 3.09, at 69 (1969), read as follows:
 When a person by a sudden emergency which is not due to his own negligence is placed in a position of immediate danger and has insufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as is required under ordinary circumstances, and if he pursues a course of action to avoid an accident, such as an ordinary, prudent person placed in a similar position might choose, he is not guilty of negligence, even though he did not adopt the wisest choice.
 
 
 [9]
 The depositions read into the record of the instant case were those of Bonham and of one Dr. Rose of Kansas State University, an expert witness in that case
 
 
 [10]
 In so holding, we express no approval of Judge Dier's view that the negligence of the repairman should be imputed to the owner of the vehicle. We simply find that the instruction to that effect, whatever its merit, cured any prejudice which might have improperly influenced the jury
 
 
 [11]
 Judge Dier instructed the jury that defendants' allegations of contributory negligence against Starns (failure to keep his vehicle under proper control and failure to make a timely application of the brakes) constituted an affirmative defense to be considered solely in reference to the Starns case. As a result, defendants-appellees argue that it is dubious that contributory negligence was the determinative issue since the jury rendered defendants' verdicts against both plaintiffs