E. H. BENNER, APPELLANT, V. COUNTY BOARD OF DOUGLAS COUNTY ET AL., APPELLEES.

FILED OCTOBER 29, 1931. No. 27895.

*B. N. Robertson*, for appellant.

*Henry J. Beal, John W. Yeager, John F. Moriarty, Thomas J. O'Brien* and *Harry B. Fleharty*, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PER CURIAM.

The matter involved in this controversy may be thus stated: When the amount of revenue to be derived from the maximum levy for general municipal purposes, made in conformity with section 14-514, Comp. St. 1929, is insufficient to enable a city of the metropolitan class to pay its necessary current expenses and also to pay outstanding judgments against it, then duly made and entered, may the proper authorities thereof cause an additional levy of twenty-five hundredths of a mill, which would yield approximately $78,000, to pay such outstanding judgments, and for no other purpose?

The court is of the unanimous opinion that the question is properly answered in the affirmative.

In 1867 the territorial legislature passed an act entitled "An act to provide for the payment of judgments recovered against municipal corporations." Laws (Ter.) 1867, p. 13. Its terms have never been modified nor repealed by subsequent legislation, and it is now carried as sections 77-1809 to 77-1813, Comp. St. 1929.

As to the terms of this statute with reference to this act, this court is committed to the view that "It is an established rule of construction that a subsequent statute treating of a subject in general terms and not expressly contradicting the provisions of a prior act shall not be construed as intended to affect the more particular and positive provisions of a prior act, if any other reasonable construction can be adopted." *Jackson v. Washington County*, 34 Neb. 680.

By the provisions of such enactment, in the absence of constitutional inhibition, power is conferred to levy taxes upon the taxable property of a city of the metropolitan class to pay a judgment rendered against such corporation, even though the maximum amount of taxes authorized by section 14-514, Comp. St. 1929, to be assessed for general corporation purposes has been imposed. *Dawson County v. Clark*, 58 Neb. 756.

Sections 77-1809 to 77-1813, Comp. St. 1929, are not in terms repealed by the Omaha charter. Indeed in the latter

it is expressly provided: "Each city of the Metropolitan class * * * shall have power: * * * Fifth. To exercise such other and further powers as may be conferred by law." Comp. St. 1929, sec. 14-101.

The rule of construction as to the several sections of the statute herein referred to is: "Statutes *in pari materia* should be construed together, and, if possible, effect be given to all of their provisions." *Dawson County v. Clark*, 58 Neb. 756. See, also, *Jackson v. Washington County*, 34 Neb. 680.

It follows that the action of the trial court in sustaining the right of the municipal authorities to make the controverted levy of twenty-five hundredths of a mill is correct, and it is

AFFIRMED.