**Bobby T. GRIFFITH and William E. Vandiver, Plaintiffs-Appellants,**

v.

**Edsel EDWARDS, Sheriff, Defendant-Appellee.**

No. 73-1469.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1974.

Decided Feb. 28, 1974.

Rehearing and Rehearing En Banc Denied March 22, 1974.

John L. Oliver, Jr., Cape Girardeau, Mo., for plaintiffs-appellants.

Stephen R. Mitchell, Dexter, Mo., for defendant-appellee.

Before MATTHES, Senior Circuit Judge, HEANEY, Circuit Judge, and TALBOT SMITH, Senior District Judge.*

PER CURIAM.

This is an appeal from a jury verdict in favor of the appellee Edwards, Sheriff of Stoddard County, Missouri, at the time of the complaints alleged. The suit, filed on the basis of the Civil Rights Act of 1964, Title 42 U.S.C. § 1983, sought monetary damages and injunctive relief.

The appellants complain that the appellee abused them mentally and physi-

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

cally, beat them, stomped them, forced them to eat through the bars of their cells, refused them proper bedding and showers, as well as normal visiting privileges, sprayed them with mace, forced them to do push-ups, denied them drinking water and forced them to drink from the cell commode. The appellee filed a motion for summary judgment, supported by affidavits, asserting that the charges made were complete fabrications. The motion was denied upon consideration of the affidavits pro and con and the case was set down for trial.

Prior to trial thereof, appellants sought to recuse the trial judge under Title 28 U.S.C. § 144[1] alleging that he was "an agent of Black Power groups" and agent for "black power movements in the City Jail in St. Louis; that he conspires with them to delay actions brought by members of the White Race and by this plaintiff, in particular,"[2] and, in addition, that Judge Webster had "great personal interest and bias and prejudice in seeing that this plaintiff's rights * * * are destroyed, covered up and concealed" due to his having been named as defendant in a suit brought by these plaintiffs.[3]

■ The statutory requirements for disqualification, *supra*, were examined by us in United States v. Anderson, 433 F.2d 856 (8th Cir. 1970). It was there pointed out, among other requirements, that the affidavit must "allege specific facts and not mere conclusions or gener-

alities." Measured against the statutory requirements we find the affidavits insufficient. Even considering the allegations in the suit filed against Judge Webster as part of appellants' affidavits, nothing therein contained, or in the affidavits themselves, amount to more than scurrilities and generalities falling far short of the specificities required by statute. There was no error in the denial of this motion.

■ The case proceeded to jury trial. Countering appellants' charges the appellee denied, with supporting testimony, the brutalities alleged. The jury resolved the factual issues presented in appellee's favor and, although appellants urge numerous errors in the conduct of the trial, in evidentiary rulings, and in instructions to the jury, we are not, after careful consideration thereof, persuaded of prejudicial error. Paraphrasing to some extent our holding in United States v. Christian, 427 F.2d 1299 (8th Cir.), cert. denied, 400 U.S. 909, 91 S.Ct. 153, 27 L.Ed.2d 148 (1970), we note that although our courts are zealous in protecting a litigant's every right, it has never been the function of a reviewing court to reverse a jury verdict unless some error of a prejudicial nature was committed. Such is not the case here. A litigant is entitled to a fair trial but not a perfect one. Lutwak v. United States, 344 U.S. 604, 619, 73 S.Ct. 481, 97 L.Ed. 593 (1952).

Affirmed.

---

1. 28 U.S.C. § 144 states in part:
   Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
   The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the

term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time * * *.

2. Identical affidavits were filed by both appellants.

3. In the case referred to, No. 73C 251(2), leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) had been granted by Judge Webster. It was then assigned to Judge Regan who, prior to trial in the instant case, dismissed the action as "patently frivolous."