Robert L. BELL, d/b/a Crescendo Publishers, and Cuarta Corporation, d/b/a Crescendo Publishing Company, Plaintiffs-Appellees,

v.

PRO ARTS, INC., et al., Defendants-Appellants.

No. 74–1232.

United States Court of Appeals, Sixth Circuit.

Decided and Filed Feb. 14, 1975.

---

452

Roger R. Ingraham, Medina, Ohio, for defendants-appellants.

William S. Burton, Arter & Hadden, Cleveland, Ohio, for plaintiffs-appellees.

Before PHILLIPS, Chief Judge, MILLER, Circuit Judge, and DeMASCIO,* District Judge.

PER CURIAM:

Plaintiff-appellee Bell discovered quite by chance that defendant-appellant was distributing unauthorized renditions of the poem DESIDERATA without displaying an appropriate copyright legend. He formally advised appellant of his copyright and demanded that the appellant cease and desist from future sales of the poem. When this and several additional demands failed to deter the appellant, plaintiff filed this copyright infringement action for injunctive and monetary relief. The cause was tried before the United States District Court for the Northern District of Ohio without a jury. That court found appellee's copyright valid and infringed in several respects. There were two representations of the poem incorporated in appellant's catalogue. One included the entire text of the poem on a white background falsely representing that it was "found in Old St. Paul's Church, Baltimore, 1692." The second contained the text superimposed on a beach scene. Neither of these representations contained the copyright legend. The district court awarded appellee damages of $5,000 as well as permanent injunctive relief. On the basis of Chief Judge Frank J. Battisti's exhaustive and well-reasoned opinion, reported at 366 F.Supp. 474, we affirm.

Appellants contend in this appeal that the trial court erred in permitting the introduction of unauthenticated evidence; in allowing the introduction of hearsay statements; in imposing damages; and in exhibiting prejudice toward appellants during the trial. We find these contentions lack merit. Appellants have not supported the allegation that the trial court received documentary evidence not properly authenticated, nor has it shown that Exhibits 6 and 10, also alleged to be unauthenticated, were relied upon by the court in its findings of infringement. Notwithstanding this failure, the parties were afforded ample opportunity to assert a valid objection to authenticity. Appellant made no such objection. Similarly, hearsay statements were not considered by the court except to permit appellee to identify the president of appellant company and his address (finding No. 19). Even assuming these statements constituted hearsay, they were not offered to prove a critical trial issue and, therefore, their admission was harmless. It is apparent that appellant's damages were not readily as-

* The Honorable Robert E. DeMascio, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

certainable. The failure of appellant to co-operate during pretrial discovery made it impossible to ascertain damages. Where actual damages are unascertainable, the court may award damages within the limits prescribed by 17 U.S.C. § 101. The award by the district court here did not exceed those limits.

Finally, we have reviewed this record and find that the judgment was amply supported by substantial evidence and that the appellant's bare allegation that the trial court was prejudiced is without merit.

Judgment is affirmed.