Gwynn H. GILLIAM, Appellant,

v.

CITY OF OMAHA, a Municipal Corporation, et al., Appellees.

No. 75–1179.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1975.

Decided Oct. 28, 1975.

Benjamin M. Wall, Wall & Wintroub, Omaha, Neb., for appellant.

James E. Fellows, Deputy City Atty., Omaha, Neb., for appellees.

Before MATTHES, Senior Circuit Judge, and HEANEY and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

Appellant Gwynn Gilliam instituted this action in the United States District Court[1] under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d (1974)[2] against the city of Omaha, the former mayor, Eugene Leahy, and the Neighborhood Youth Corporation program director, Sam Boniauto. Plaintiff is a black female who contends that her civil rights have been violated because of the discriminatory manner in which the defendants conducted their offices. Plaintiff was employed as a Neighborhood Youth Corporation Counselor from December 1967 through April 1970 when she voluntarily submitted her resignation.

In a prior appeal, this court held that plaintiff was not precluded from bringing her action in Federal District Court because of her failure to exhaust state administrative remedies. *Gilliam v. City of Omaha*, 459 F.2d 63 (8th Cir. 1972). On remand the district court found for the defendants. After trial to the court without a jury, judgment was entered in

---

1. The Honorable Richard E. Robinson, Senior District Judge, United States District Court for the District of Nebraska, presiding.

2. 42 U.S.C. § 2000d (1974) provides in pertinent part that:

   No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

   Redress was also sought under 42 U.S.C. §§ 1981, 1983 and jurisdiction of the district court was invoked under 28 U.S.C. §§ 1331, 1343.

favor of the city of Omaha on the basis of immunity from suit provided by the Eleventh Amendment to the United States Constitution. Judgment was also entered for the individual defendants since the district court determined that plaintiff had not established her claim of racial or sexual discrimination. The district court's opinion is reported at 388 F.Supp. 842 (D.Neb.1975). We affirm for the reason that we fail to find on this record that the district court's findings, that the claim of racial or sexual discrimination has not been established, are clearly erroneous. Neither do we find errors of law that were prejudicial.

On appeal plaintiff contends that the district court erred by (1) finding that a municipality has immunity under the Eleventh Amendment; (2) failing to admit the prior testimony of Ellen Osborne as substantive evidence which was prejudicial; and (3) refusing to award attorneys' fees for plaintiff's successful first appeal.

■ As previously stated the district court dismissed the defendant city of Omaha from this action on the ground that it is immune from suit under the Eleventh Amendment. However, the Eleventh Amendment limits the jurisdiction of federal courts only as to suits against a state. U.S.Const. Amend. XI; *Lincoln County v. Luning,* 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed.2d 766 (1890). It is settled that a suit against a county, a municipality, or other lesser governmental unit is not regarded as a suit against a state within the meaning of the Eleventh Amendment. *Fay v. Fitzgerald,* 478 F.2d 181, 184 n. 3 (2d Cir. 1973); C. *Wright, Law of Federal Courts* § 46, at 175 (2d ed. 1970). Unless a political subdivision of a state is simply "the arm or *alter ego* of the state," *State Highway Comm'n of Wyoming v. Utah Construction Co.,* 278 U.S. 194, 199, 49 S.Ct. 104, 106, 73 L.Ed. 262 (1929), it may sue or be sued pursuant to the same rules as any other corporation. *See Moor v. County of Alameda,* 411 U.S. 693, 717–19, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); *Illinois*

*v. City of Milwaukee,* 406 U.S. 91, 97, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972).

■ Under Nebraska law the city of Omaha is a body corporate and politic and may sue or be sued. Neb.Rev.Stat. § 14–101 (1969). Included in its powers is the authority to make a levy to pay outstanding judgments against it. *Benner v. County Board of Douglas County,* 121 Neb. 773, 238 N.W. 735 (1931). Thus the city of Omaha would clearly be liable for any judgment rendered against it and therefore, the state cannot be considered the real party of interest for purposes of determining Eleventh Amendment immunity. *See Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

■ Although the trial court erred in dismissing the city of Omaha from this action, we find the error harmless. To constitute reversible error, it must be established that the error complained of affected the substantial rights of the objecting party. *Palmer v. Hoffman,* 318 U.S. 109, 116, 63 S.Ct. 477, 87 L.Ed. 645 (1943); 28 U.S.C. § 2111; Fed.R.Civ.P. 61. In the present case the trial court considered all of the evidence, and in no way limited the plaintiff's right to introduce evidence concerning the alleged wrongs committed by any of the defendants, including the city of Omaha. Since the trial court did not find the acts of any of the defendants to be discriminatory the final result for the city of Omaha would not have been altered by their inclusion in this action. The substantial rights of the plaintiff were not affected by the ruling. Accordingly, we cannot say that the ruling was prejudicial even though it was erroneous.

Plaintiff's next assertion is that the trial court erred in not admitting the prior testimony of Ellen Osborne as substantive evidence. In 1970 and 1971 Mrs. Osborne, a former employee of the Neighborhood Youth Corporation program and a co-worker of plaintiff, testified before the Nebraska Equal Opportunity Commission in the case of *Trujillo v. Neighborhood Youth Corp.,* Neb. EOC 9–

12–196(D).[3]  When sworn as a witness in the present case, Mrs. Osborne professed to have no recollection of the events upon which she had previously testified. At that point plaintiff offered the prior testimony of Mrs. Osborne into evidence both as prior testimony and past recollection recorded.  Both offers were rejected, although the court did say it would admit the testimony for impeachment purposes.

■  Plaintiff contends that Mrs. Osborne's testimony should have been admitted under the prior testimony exception to the hearsay rule because the requirements of an oath and an opportunity to cross-examine were satisfied at the time of Mrs. Osborne's previous testimony and the testimony of the witness was presently unavailable at the time of trial in this action.  Plaintiff claims that as long as these requirements are met the character of the tribunal before which the former trial was held is immaterial. *C. McCormick, Evidence* § 258 (2d ed. 1972); *see also California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).  However, we do not reach the merits of this contention because it is our view that the testimony excluded as substantive evidence would have had no substantial effect on the result in this case and that if any error was committed by the trial judge, defendant has failed to demonstrate that such error was prejudicial.[4]  A trial court will not be reversed on an evidentiary ruling unless the error is shown to be prejudicial. *White v. United States,* 399 F.2d 813, 819 (8th Cir. 1968);  Fed.R.Civ.P. 61.

■  The memorandum opinion of the district court shows a careful analysis of all the evidence presented by the plaintiff including the testimony before the Nebraska Equal Opportunity Commission in the *Trujillo* case.  *Gilliam, supra,* 388 F.Supp. at 854 n. 22.  The record indicates that the prior testimony of Ellen Osborne with respect to the question of whether blacks were subjected to more abusive treatment from the program director than other employees consisted of conclusionary allegations supported by little or no foundation or clarification. We are satisfied that if Mrs. Osborne's prior testimony had been admitted as substantive evidence plaintiff still would have failed to establish discriminatory conduct on the part of any of the defendants.  She alleged that she was denied appropriate salary increases because of her race and gender and that others were promoted ahead of her without just cause.  However, even with the addition of Ellen Osborne's prior testimony neither of these charges was substantiated by evidence admissible in a court of law. What plaintiff's evidence did establish was that the program director was a very tough administrator and that he used insulting language in his day-to-day contact with his employees.  He may well have offended the sensibilities of the plaintiff and other employees.  Although we do not condone the actions of the program director we are unable to say that they were discriminatory;  he apparently subjected all of his employees, at one time or another, to abusive language and discipline.  The plaintiff's evidence including the prior testimony of Ellen Osborne does not establish that blacks or females were treated substantially different from non-black males.

The final allegation of error raised by the appellant is that the district court

---

**3.** Although the plaintiff in *Trujillo* was different from the present case, the defendants and the attorneys were the same.  The issue of whether there were discriminatory employment practices in the Omaha offices of the Neighborhood Youth Corporation was also the same.

**4.** We note that although arguably it would have been better to admit Mrs. Osborne's prior testimony as substantive evidence, the trial court is traditionally vested with wide discretion in the admission of evidence. *Tugwell v. A. F. Klaveness and Co.,* 320 F.2d 866 (5th Cir. 1963), *cert. denied,* 376 U.S. 951, 84 S.Ct. 967, 11 L.Ed.2d 970 (1964).  Mrs. Osborne's testimony would clearly have been admissible under the Fed. Rules Evid. Rules 804(a)(3) and 804(b)(1), 28 U.S.C.A.  These rules were not in effect at the time of trial.

erred in refusing to award attorneys' fees for plaintiff's successful first appeal to this court.

■ The so-called "American rule" governing the award of attorneys' fees in litigation in the federal courts is that attorneys' fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor. *F. D. Rich Co. v. Industrial Lumber Co.,* 417 U.S. 116, 126, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974); *Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 717, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967).

In the present case jurisdiction of the district court was claimed under 28 U.S.C. §§ 1331, 1343, as well as 42 U.S.C. §§ 1981, 1983 and 2000d. Courts have previously held that despite the fact that neither section 1981 nor 1983 contained specific provisions authorizing the award of attorney fees they were nevertheless allowable under the "private attorney general" rationale. *Fowler v. Schwarzwalder,* 498 F.2d 143 (8th Cir. 1974); *Cooper v. Allen, Jr.,* 467 F.2d 836 (5th Cir. 1972) (Section 1981); *Sims v. Amos,* 340 F.Supp. 691 (M.D.Ala.1972) (Section 1983). *See also F. D. Rich Co. v. Industrial Lumber Co.,* 417 U.S. 116, 130, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974).

■ This court ruled in *Doe v. Poelker,* 515 F.2d 541, 547 (8th Cir. 1975), that the *Alyeska Pipeline* opinion has now conclusively established that the "private attorney general" exception to the "American rule" exists only where provided by a specific congressional act. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Since no statutory authority provides therefor, appellant's request for the award of attorneys' fees must be denied.[5]

The judgment of the trial court is affirmed.

---

**5.** Appellant asks us to confine the ruling in *Alyeska* to environmental cases and reject its application to civil rights cases. This would be contrary to the thrust of the opinion. *See Alyeska, supra,* 421 U.S. at 270 n. 46, 95 S.Ct. 1612.