**PAYMASTER OIL MILL COMPANY, a division of Anderson, Clayton & Co., a corporation, Appellee,**

v.

**Frank S. WESTON, d/b/a Weston Elevator, Appellant.**

**No. 79–1234.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 9, 1979.

Decided Nov. 29, 1979.

John Burris, Burris & Berry, Pocahontas, Ark., filed brief for appellant.

Mitchell D. Moore, Moore & Gibson, P. A., Osceola, Ark., filed brief for appellee.

Before LAY, HEANEY and HENLEY, Circuit Judges.

HENLEY, Circuit Judge.

This is an appeal following a jury trial in a diversity action in the United States District Court for the Eastern District of Arkansas in which Paymaster Oil Mill Company (Paymaster) brought suit for breach of a

futures contract with Frank S. Weston. The jury found for the plaintiff and the district court entered judgment accordingly. On appeal the defendant Weston claims that the district court erred in (1) admitting certain hearsay evidence and (2) instructing the jury concerning the measure of damages. We affirm.

On January 26, 1973 Paymaster entered into a contract with Weston in which Paymaster agreed to purchase 25,000 bushels of Number One Yellow Prime Soybeans at $3.76 per bushel to be delivered at Osceola, Arkansas for October-November shipment. Before the soybeans were actually delivered, however, Weston decided that he no longer wanted to perform the contract and attempted to negotiate a repurchase agreement. On March 13 and 14 Weston called Paymaster and spoke with a Mr. Goodson as well as a Mr. Wiseman, both employees at Paymaster, concerning the repurchase agreement. Weston contends that after negotiations with Mr. Wiseman Paymaster agreed to repurchase the soybeans at $3.74 per bushel and charge a brokerage fee of $30.00. Paymaster, in contrast, did not think that the negotiations produced a new contract. On August 15, 1973 Paymaster sent a letter to Weston denying the existence of the repurchase agreement and informing Weston that he should deliver the beans as required under the original contract. Weston, however, did not respond to this communication. On November 20, 1973 Paymaster offered to extend the maturity date of the contract. Again, Weston did not respond. Thereafter, Paymaster in a letter dated December 10, 1973 told Weston that they assumed Weston did not intend to fulfill the original contract and that Weston should compensate Paymaster in damages in the amount of the difference between the contract price ($3.76 per bushel) and the cost of purchasing beans to fill the contract on December 3, 1973 ($5.84 per bushel) or $52,000.00. Weston did not pay the amount and this lawsuit resulted.

At trial defendant argued that the contract of January 26, 1973 was cancelled by the alleged repurchase contract of March 14, 1973. As indicated, Paymaster denied that a contract was created on March 14. Paymaster said it merely told Weston that Paymaster would buy back the contract provided the market price went down to $3.76 but that the market price never reached this level, that the first contract was not cancelled, and thus Weston retained his contractual obligation to deliver the soybeans. The jury, apparently agreeing with the plaintiff, returned a verdict in favor of Paymaster and the district court entered a judgment against Weston in the amount of $52,000.00.

On appeal Weston first argues that the trial court erred in permitting a witness, Jere Wiseman, to testify about a telephone conversation to which he was not a party. Appellant notes that Wiseman admits that he did not participate in the telephone conversations on January 26, 1973 that resulted in the first contract. Further, Wiseman admits that he was not a party to the initial telephone conversation on March 13, 1973 when Weston informed Goodson he wanted to get out of the contract. Thus, Weston's attorney argues that Wiseman's testimony as to these telephone conversations was hearsay and inadmissible, and the attorney made a motion to strike Wiseman's testimony at the close of the evidence.

The trial court, however, denied the motion because the objection could have and should have been made during the direct examination of the witness and because the witness was a party to at least some of the negotiations leading to the alleged cancellation of the first contract.

Although we do not fault the appellant for not objecting to the alleged hearsay testimony on direct examination, we are satisfied that the trial court did not err in refusing to strike Wiseman's testimony. First of all, the pertinent portion of Wiseman's testimony was not hearsay. The appellant himself testified that Wiseman was, in fact, a party to the repurchase contract negotiations on both March 13 and 14, and that although he talked briefly with Mr. Goodson on March 13 Mr. Goodson referred the matter to Mr. Wiseman because he did

not have authority to make a repurchase contract. Thus, Mr. Wiseman's testimony as to the negotiations in regard to the repurchase contract is not hearsay.

The fact that Wiseman's testimony as to the creation of the first contract on January 26 and the conversation between Goodson and Weston on March 13 might have been hearsay did not require the trial court to strike the whole of Wiseman's testimony. For even if this aspect of Wiseman's testimony was hearsay, any error that inhered in admitting the evidence would be harmless because the issue in the case was the existence of the repurchase agreement allegedly produced through negotiations between Wiseman and Weston and not the creation of the original sale contract of January 26.

As to repurchase, the alleged hearsay evidence was not material, *Bell v. Pro Arts, Inc.*, 511 F.2d 451, 452 (6th Cir. 1975); *Lycon v. Walker*, 279 F.2d 478, 484 (8th Cir. 1960), and neither prejudiced the defendant, *Griffith v. Edwards*, 493 F.2d 495, 496 (8th Cir. 1974), nor affected his substantial rights. *Palmer v. Hoffman*, 318 U.S. 109, 116, 63 S.Ct. 477, 87 L.Ed. 645 (1943); *Gilliam v. City of Omaha*, 524 F.2d 1013, 1015 (8th Cir. 1975). *See generally* J. Moore, Federal Practice, § 61.07(2); C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2881.

Weston's second argument is that the trial judge erred in his jury instruction on damages in which the judge noted that the cost of purchasing soybeans on December 3, 1973 on the Chicago Board of Trade was $5.84 per bushel. This instruction was based on an admission by the defendant that "Based on January futures, as reflected by the Chicago Board of Trade, the cost of purchasing soybeans on December 3, 1973 was $5.84 per bushel," and on a letter from Paymaster to Weston dated December 10, 1973 in which Paymaster said "The cost of purchasing 25,000 bushels of beans was $5.84 per bushel." Although Weston does not and cannot deny the validity of his admission, Weston nonetheless notes that the price in Osceola was probably some

fifteen to twenty-five cents lower than the Chicago Board of Trade price. Arguing that damages should be measured by the price at the place for tender, Ark.Stat.Ann. § 85–2–713(2) (Addendum 1961), appellant complains that the court should have instructed the jury to adjust the market price to the price level at Osceola, Arkansas on December 3, 1977.

Again, we are unpersuaded by appellant's argument. Although it might have been better had the trial judge given a more comprehensive instruction including the alleged price differential between Osceola and Chicago, we do not find that reversal is indicated. We first note that the evidence clearly supported the trial judge's determination of the Chicago Board of Trade price. We further note that testimony concerning the amount of the price differential was considerably less clear, and when counsel objected to the instruction, the court ruled that the parties would be allowed to argue the price differential to the jury. In light of these factors, we are satisfied that the trial judge did not err.

Although this court zealously protects a litigant's right to a fair trial, a reviewing court is not entitled to disturb a jury verdict unless an error has prejudiced or injured a party. *Griffith v. Edwards, supra,* 493 F.2d at 496. After carefully reviewing the record, we are satisfied that the alleged errors of the trial judge were neither prejudicial nor affected, in any way, fair jury consideration of the issues presented.

The judgment of the district court is affirmed.