HANCOCK et al. v. THIGPEN et al.

No. 35566. Jan. 16, 1953.

*256 P. 2d 428.*

D. F. Rainey and John Barksdale, Okmulgee, for plaintiffs in error.

Harland A. Carter, Okmulgee, for defendants in error.

O'NEAL, J. In this action plaintiffs, Vera Hancock and John Walden Hancock, sought to recover a money judgment against the defendants, Mary Thigpen and Jim Thigpen, upon the alleged ground that plaintiffs' son, John Walden Hancock III, came to his death through the negligent acts of the defendants. The case was submitted to a jury which returned a verdict in favor of the defendants upon which judgment was entered. From the order of the court overruling plaintiffs' motion for a new trial, plaintiffs appeal, alleging error of the court in the giving of various instructions to the jury, which are subsequently referred to.

Plaintiffs' minor son, John Walden Hancock III, lost his life on the evening of December 16, 1950; the child on that day was three years and eleven months of age. The accident complained of occurred at the intersection of 6th Street and Liberty street, in the city of Okmulgee, Oklahoma. The defendant Jim Thigpen, at said time and place, was operating a truck on 6th street proceeding in a westerly direction, and as he approached the intersection of Liberty street, his truck ran over John Walden resulting in his death.

It will be unnecessary to delineate the numerous grounds of alleged negligence pleaded in plaintiffs' petition. Upon disputed questions of negligence and proximate cause, the jury absolved defendants of fault.

Plaintiffs below, plaintiffs in error here, assert that the trial court committed reversible error on questions of law arising in the trial of the case in that the court in its instructions to the jury submitted the question of the contributory negligence of the deceased child, although the defendants did not plead or offer evidence in support of contributory negligence as an affirmative defense.

Our disposition of this proposition will dispose of the pivotal question in this case.

An examination of the defendants' answer discloses that defendants did not plead that the deceased child was guilty of contributory negligence, but it discloses that defendants did plead that the father and mother of the child were careless and negligent in permitting the child to go upon the street unaccompanied by anyone, and that the parents' negligence was the proximate cause of the alleged injury and resulting death of the child.

The plaintiffs, as parents of the minor child, filed their reply in which they specifically denied that their conduct and action contributed to the accident and resulting death of their minor child.

Plaintiffs here contend that the trial court committed reversible error in its instructions Nos. 5, 6, 7 and 8, as they appear in the record.

"(5) The jury are instructed that by the term 'contributory negligence', as used in these instructions, is meant the want of ordinary care on the part of the person injured. That is to say, the want of such care as an ordinarily prudent person would have exercised under the same or similar circumstances, which taken either by itself, or in connection with the negligence of the defendant, if any, proximately caused the injury.

"You are further instructed that the law places upon all persons the duty of exercising ordinary care for their safety, and even though you should believe from the evidence that the defendant was negligent, if the evidence also shows that the plaintiff's intestate was negligent, and that such negligence caused or materially contributed to his injuries, your verdict should be for the defendant.

"The burden of proving by a preponderance of the evidence, contributory negligence on the part of the plaintiffs' intestate, rests upon the defendant (unless the same appears from the evidence of the plaintiff.)

"(6) You are instructed that while the burden of proving contributory negligence by a preponderance of the evidence is upon the defendants, still such contributory negligence may appear from the evidence offered in behalf of the plaintiffs, and, if from the evidence offered in behalf of the plaintiffs, or from the evidence offered in behalf of the defendants, the jury find that the plaintiffs' intestate, the child of the plaintiffs, was guilty of contributory negligence, the plaintiffs cannot recover, and your verdict should be in favor of the defendants.

"However, in this connection, considering the question as to whether or not plaintiffs' intestate was guilty of contributory negligence at the time and place of the accident, the jury will take into consideration the age of the plaintiffs' intestate, the surrounding circumstances, the capacity and understanding of the plaintiffs' intestate, together with his experience in human affairs, if any, and his actions at the time of the accident.

"(7) Whether a child may be guilty of contributory negligence, is determined by factors of age, intelligence, experience, discretion, previous training, maturity, alertness, and nature of danger encountered.

"(8) Whether the child in this case had sufficient capacity to understand the danger involved in running out into the street, so as to charge him with contributory negligence, is a question for the jury to determine; and it is also a question for the jury to determine, under all the facts whether the child exercised such care and discretion as might reasonably be expected of one of his age, capacity, and experience situated as he then was."

The errors inherent in each of these instructions are that the issue of contributory negligence of the child was not pleaded by the defendants and therefore was not an issue properly submitted to the jury. We have heretofore held that contributory negligence is an affirmative defense which must be pleaded and proven.

Shunkamolah v. Potter Delco, 131 Okla. 272, 268 P. 270. In that opinion, we said:

"This court has repeatedly held that neither the defense of contributory negligence nor that of assumption of risk is available to a defendant who fails to plead these defenses. Cosden Pipe Line Co. v. Berry, 87 Okla. 237, 210 P. 141; Colonial Refining Co. v. Lathrop, 64 Okla. 47, 166 P. 747; Armstrong v. Greene, 113 Okla. 254, 241 P. 789; Town of Depew v. Kilgore, 117 Okla. 263, 246 P. 606."

This rule was restated in the more recent case of G. A. Nichols Co. v. Lockhart, 191 Okla. 296, 129 P. 2d 599.

Plaintiffs further contend that the court erred in refusing to instruct the jury that, in no event, could the plaintiffs' minor son be charged with contributory negligence, due to his age at the time of the accident. In support of this contention they cite the text in 45 C.J., Negligence, 1002. Also, 65 C.J.S., Negligence, §145, p. 785.

Under sec. 6, art. 23, of the Constitution of Oklahoma, the defense of contributory negligence, in all cases whatsoever, must be submitted to the jury as a question of fact. We so held in Witt v. Houston, 207 Okla. 25, 246 P. 2d 753. In that case the contributory negligence of a child five years of age was submitted to the jury.

It is unnecessary here to pass upon the question of whether the constitutional provision must be applied in a situation when a child is so young as to be wholly unable to apprehend apparent danger, and to avoid exposure to it.

The case is reversed upon the ground that the instructions noted were not within the issues joined. The cause is remanded for a new trial.

HALLEY, C.J., and WELCH, CORN, DAVISON, and WILLIAMS, JJ., concur.