JACOB SCHMIDT, SR., FATHER AND NEXT FRIEND OF JACOB SCHMIDT, JR., A MINOR, APPELLANT, v. OSCAR H. JOHNSON, APPELLEE.

171 N. W. 2d 64

Filed October 3, 1969. No. 37195.

Alfred A. Fiedler and Stephen E. Sturek, Jr., for appellant.

Boland, Mullen, Walsh & Cooney, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is an action for damages for injuries sustained by Jacob Schmidt, Jr., a minor, brought by his father, Jacob Schmidt, Sr., as next friend, against Oscar H. Johnson, resulting from negligence in the operation of the latter's automobile. The claim of damages to the father was assigned to Jacob Schmidt, Jr., and is included in the action as a separate cause of action. The jury returned a verdict for the defendant and the plaintiff appeals.

The evidence shows that on June 30, 1966, Larry and Jarry Schmidt, twin brothers of the age of 16 years, were using a pickup truck belonging to their father to move furniture from a residence described as 3329 Larimore Street in Omaha. They were assisted by a younger brother, Jacob Schmidt, Jr., and a neighbor boy, David Kaiser, each of whom was 13 years of age. At about 11:30 a.m. of said day, the truck was backed over the south curb and across the lawn to the porch of the house at the above-stated address. A gas stove was loaded in the right front portion of the truck box and a water heater on the left side portion, the latter extending onto the tailgate. While Jarry was locking the house, Larry drove the truck north across the curb into Larimore Street and turned east on the south side of the street parallel with the curb. At the time of crossing the south curb or shortly thereafter, Jarry entered the cab and displaced Larry as the operator of the truck. Before reaching the curb, the two 13-year-old boys occupied the right side of the tailgate with their feet dangling within a few inches of the pavement.

Plaintiff's evidence is as follows: Jarry stated that the truck was stopped in the street when he took over the driving, that he started east, and was still moving east when defendant's station wagon struck the truck from the rear causing serious injury to the left leg of Jacob Schmidt, Jr. Kaiser testified that he saw a spark plug fall off the running board of the truck and that he shouted to Jarry to stop the truck so that he could retrieve the spark plug. Thinking that he was not heard, he attempted to crawl over the load to get the truck stopped. Before he accomplished his purpose, he felt a jolt and heard Jacob, Jr., scream. Jarry testified that he heard the shout of Kaiser and was applying his brakes when he felt the impact of the collision. Jacob, Jr., testified he saw the danger when the station wagon was within 5 feet or so of the truck and attempted to pull his legs into the truck. He got his right leg on the

tailgate or into the truck but failed to get his left leg in a place of safety to prevent the injury.

Defendant's evidence is that he approached the scene of the accident from the west, saw the truck moving into Larimore Street, braked his car and stopped completely when the change of drivers was being made on the truck. He said his car never moved from that time until after the happening of the accident. Defendant said the truck started backing toward him and that he honked his horn and attempted to reverse his car and avoid the collision. He accidentally got his car into "park" instead of "reverse" and failed to avoid the collision. After the impact, the defendant called the police and rescue squad. Two policemen testified that they interrogated both drivers. Jarry told them that the truck was moving west at the time of the impact, that the truck was rolling back at the time although slightly upgrade, and, notwithstanding, the truck backed into the station wagon. By several questions the police made it clear that Jarry understood what he said about the rolling of the truck upgrade. This evidence was manifested in the police report.

The issue of fact was for the jury. The plaintiff does not assert that the verdict is not supported by the evidence. His contention is that the evidence does not sustain the giving of instructions on certain defenses and that it was error for the court to do so. No contention is made that the instructions were erroneous if proper to be given, except as hereafter noted. It is fundamental that it is the duty of the trial court to submit to the jury only material issues presented by the pleadings which find support in the evidence if objection is timely raised. Jarosh v. Van Meter, 171 Neb. 61, 105 N. W. 2d 531, 82 A. L. R. 2d 714; Thomas v. Owens, 169 Neb. 369, 99 N. W. 2d 605. The failure to instruct a jury properly as to the theory of litigants shown by the pleadings and supported by the evidence constitutes prejudicial error. Clark v. Smith, 181 Neb. 461, 149

N. W. 2d 425; Coomes v. Drinkwalter, 181 Neb. 450, 149 N. W. 2d 60. The question is, primarily, whether or not the instructions given have support in the evidence.

In determining if the evidence is sufficient to submit an issue to the jury, the successful party is entitled to have all conflicts in the evidence resolved in his favor including any inferences that can reasonably be drawn therefrom. Flanagin v. DePriest, 182 Neb. 776, 157 N. W. 2d 389. The jury could reasonably have found in the instant case that the point of impact of the two vehicles occurred toward the west side of the residence at 3329 Larimore Street at a point west of the point of emergence of the truck into the street. Such evidence indicates that the driver of the truck backed up to pick up the spark plug on the pavement and failed to observe the defendant's car stopped west of the point the truck entered the street as the defendant testified. There is evidence that Jacob, Jr., was guilty of contributory negligence and assumption of risk, he having been many times warned by his father not to ride on the tailgate with his legs dangling because of the danger. Under this evidence, the trial court did not err in submitting to the jury the issues of contributory negligence and assumption of risk.

The jury could have found that defendant had no reason to anticipate the backing of the truck beyond the point of entry into the street until shortly before the impact, at which time he faced a sudden emergency. Defendant stated he sounded his horn and attempted to back up to avoid an accident in which he failed. Whether or not defendant failed to avoid the accident through his fault was for the jury. Under these facts there was no error by the trial court in submitting the issue of sudden emergency.

Plaintiff complains of the giving of an instruction on unavoidable accident. The giving of this instruction is sustained by the case of Harding v. Hoffman, 158 Neb. 86, 62 N. W. 2d 333, wherein it is said: "In Bonacci v.

Cerra, 134 Neb. 476, 279 N. W. 173, this court concluded that where in an action to recover for personal injuries the jury is properly instructed upon the burden of proving the negligence charged as a proximate cause of the injury, then the issue of unavoidable accident is sufficiently submitted, and ordinarily it is not reversible error to either give or refuse an instruction on that issue." By instruction No. 14, the court told the jury that if it found the sole proximate cause of the collision was the conduct of Jarry Schmidt, its verdict should be for the defendant. There is evidence of negligence in the record and, the court having properly required proof of negligence and contributory negligence, there was no prejudicial error in giving the instruction on unavoidable accident.

Plaintiff contends that instruction No. 10 is in error because of an inconsistency. In connection with the defense of assumption of risk, the instruction stated that defendant must prove each and all the necessary allegations to sustain the defense by a preponderance of the evidence. The instruction then stated if defendant has failed to prove any or all the necessary allegations by a preponderance of the evidence you will disregard the defense. The instruction is consistent and correct, as stated in NJI 3.31.

It is further contended that the burden of proof is on defendant to prove that the proximate cause of the collision was that of a third person not a party to the litigation, and that instruction No. 14 was in error in not so stating. This contention is correctly disposed of in the comment to NJI 2.01A, at page 27, where it is stated: "Where it is claimed that the conduct of another, not a party to the suit, was the sole proximate cause of the accident, such defense is not an affirmative plea in avoidance of plaintiff's cause of action and imposes no burden of proof upon defendant with relation thereto but is one entirely consistent with and provable under the general issue." See Styskal v. Brickey, 158 Neb.

208, 62 N. W. 2d 854. We find instructions Nos. 10 and 14 to be free from error.

We think the instructions were correct and properly supported by the evidence. We find no prejudicial error in the record and that the issues were fairly submitted to the jury. The judgment of the district court is affirmed.

AFFIRMED.