Maude Flossie CARNES, Appellant,

v.

Franklin E. WHITE et al., Appellees.

No. 44380.

Supreme Court of Oklahoma.

June 5, 1973.

Rick Chew, Oklahoma City, for appellant.

Best, Sharp, Thomas & Glass, Tulsa, Fitzgerald, Houston & Worthington, Stillwater, for appellees.

SIMMS, Justice:

This action was one for damages for personal injuries to the Plaintiff Carnes and for damages to her automobile resulting from a multiple vehicle accident.

The Court of Appeals reversed the trial court's judgment on jury verdict in favor of the Defendants Franklin E. White and Woody Allen Dupree. Defendant Devlin is not involved in this appeal.

The Court of Appeals reversed and remanded with direction to the trial court to direct a verdict for Plaintiff as to liability only as against Defendants White and Dupree and ordered the trial court to submit the issue of damages to the jury. The parties will be referred to as they appeared in the trial court.

The accident occurred on January 2, 1968, at approximately 5:30 p.m., during the twilight hours, on U.S. Highway 177, south of Stillwater, Oklahoma. The highway was a two-lane road of asphaltic construction. The weather was cold, it was misting, and the road was wet and slick.

Plaintiff Carnes and Defendant White were traveling south in their respective vehicles. Defendant Devlin and Defendant Dupree were traveling north, Devlin in a pickup and Dupree in a two-ton truck loaded with sucker rods. All vehicles were being operated with their headlights on low beam and at speeds between 25–35 m.p.h.

The series of collisions took place in the following manner, Defendant Devlin, while driving north, came upon an automobile stopped in his lane of traffic. Devlin immediately applied his brakes; his pickup went into a skid and came to rest crosswise in the north lane of traffic at an angle between 30 and 40 degrees, behind the stopped vehicle. In bringing his pickup to a stop, Devlin killed the motor and was unable to restart it. The vehicle that had stopped in front of Devlin disappeared and was never seen by any of the other parties to the accident.

As Devlin's pickup sat crosswise in the northbound lane, it was approached from the south by a truck being driven by Defendant Dupree and from the north by Plaintiff Carnes. Dupree first saw Devlin's pickup blocking the northbound lane when he was 50 to 60 feet from the pickup. Dupree applied the brakes but was unable to stop. To avoid the bar ditch to the right of his lane, he cut left across the center line into the southbound lane of traffic. As a result, the right front fender of Dupree's truck struck the left front fender of Devlin's pickup.

Dupree testified that he had noticed some headlights on down the road: "But they weren't just right on me or anything

like that and it just appears to me that I noticed this pickup first as I had just little time to avoid hitting it as much as I could, and just as I hit this pickup, it could have been just a split second or awfully close, why her car came in on my left front fender."

There is a conflict between the testimony of Dupree and Devlin whether it was just before or after the first impact between Dupree and Devlin that the Plaintiff's car, traveling south, collided with Dupree in the southbound lane. Regardless, there was a collision between Dupree and Plaintiff's car. Plaintiff's car then skidded down the road and stopped sideways in her own lane of traffic. Seconds thereafter, Defendant White entered the area of the collision, and observed the lights of Dupree's truck shining across his lane of traffic. He was blinded by the lights and the rain. White took his foot off the accelerator, veered right, then proceeded through the lights. When he got beyond the lights, he saw Plaintiff's car, applied his brakes, but was unable to stop, and struck Plaintiff's car broadside.

Plaintiff testified that she was proceeding down the highway, having just gone around a curve, when she suddenly saw headlights in her lane of traffic. Immediately, the truck struck her car. Then, as she testified, "in just the wink of your eye, this car just hit right into the side of me."

The Plaintiff alleges the trial court committed error in instructing the jury on contributory negligence, sudden emergency, and unavoidable accident; and that the trial court further erred in overruling Plaintiff's motion for a directed verdict.

The trial court gave the following instructions regarding contributory negligence:

"Instruction No. 3: 'Contributory negligence,' as that term is used in these instructions, means any act or ommission on the part of a claimant for damages which amounts to a want of ordinary care on the part of such claimant which, combining and concurring with the negligent acts of a defendant is the proximate cause of the damage and injury complained of.' "

"Instruction No. 9: 'Likewise, the mere proof of an accident or injury carries with it no presumption of contributory negligence, sudden emergency or unavoidable accident, but the burden of proof as to these allegations rests upon the party alleging the same, as hereinbefore set out in these instructions.' "

"Instruction No. 10: 'If you do not so find negligence against either one of said defendants, or should you find from the evidence that the plaintiff was guilty of contributory negligence, as heretofore defined to you in these instructions, which caused or contributed in causing the accident, . . . . then in any of the later events your verdict as between the plaintiff and the defendants, Dupree and White, should be for the defendants.' "

The parties agree the rule to be applied by the trial court in determining whether to instruct on contributory negligence is the principle stated in Taylor v. Birks (Okl.1958), 325 P.2d 737, 740:

"In order for it to be necessary to instruct on the question of contributory negligence there must be some evidence produced at the trial, either by the plaintiff or defendants, from which contributory negligence could be inferred or presumed."

■ Thus, the trial court may not look outside the evidence and instruct on contributory negligence on a mere whim or caprice. He must give the instruction only when contributory negligence may reasonably be inferred from the evidence. Some evidence of contributory negligence must be shown at the trial before the defendant is entitled to an instruction on contributory negligence. Kelly v. Employers Casualty Co. (1950), 202 Okl. 437, 214 P.2d 925.

■ In the application of this principle to the facts, and viewing the evidence in the light most favorable to the defendant,

the only evidence adduced that would support contributory negligence is that the Plaintiff observed no oncoming headlights until immediately before the impact between her vehicle and Dupree's truck.

The evidence discloses that Plaintiff Carnes was traveling south at approximately 25–35 m.p.h. She had her headlights and windshield wipers on. Immediately prior to the accident she rounded a curve and came upon the oncoming truck of the defendant in her lane of traffic. Defendant Dupree, by his own testimony, admits that the collision occurred "within a split second" after he had swerved into the left lane.

■ Even if Plaintiff Carnes had negligently failed to see Dupree's truck as he was traveling in his own lane of traffic, it cannot be said that her negligence was the proximate cause of the injury to the Plaintiff. Proximate cause is a necessary element in contributory negligence. Clanton v. Chrisman (1935), 174 Okl. 425, 51 P.2d 748.

The Plaintiff only had a moment, in which time to stop or take evasive action, from the time Dupree's truck swerved into her lane until the time of impact.

The testimony of the Plaintiff does not either directly or circumstantially show contributory negligence on her part by failing to observe that there was an oncoming truck that had crossed the center line into her lane of traffic. Nor does any of the evidence produced by the Defendants give rise to a reasonable inference that she acted negligently and thus contributed to her own injury.

In the case of Mesa Trucking Co. v. King (Tex.CCA, 1964), 376 S.W.2d 863, factually similar to the case at bar, the issue was whether the plaintiff was contributorily negligent in failing to keep a proper lookout. In that case, the defendant suddenly swerved his truck across the center line into the lane of oncoming traffic. The facts, like the facts in the case at bar, showed that defendant's truck came over into plaintiff's lane of traffic some 70–75 feet before the collision, and that the plaintiff had less than one second to react. In finding as a matter of law that the plaintiff was not guilty of contributory negligence in failing to keep a proper lookout, the court stated the test was one of time and distance.

A thorough search of the record in the instant case discloses no evidence that Plaintiff Carnes could have seen the truck after it had come into her lane in time or distance to avoid the collision. Therefore, even if it could be said that the Plaintiff was negligent in failing to keep a proper lookout, such negligence could not be the proximate cause of her injury.

Therefore, in applying the facts in the case at bar to the rule that there must be some evidence of contributory negligence to support the defense before it can be instructed on, we are compelled to hold that the trial court erred in instructing the jury on contributory negligence.

■ Where the evidence, taken as a whole, does not warrant an instruction on contributory negligence the giving of the same constitutes reversible error. Miller v. Price (1934), 168 Okl. 452, 33 P.2d 624.

■ As to the Defendants Dupree and White, before the trial court will be permitted to instruct on sudden emergency, two elements must concur: (1) There must be facts sufficient to raise an inference of sudden emergency; (2) It must be made to appear that the emergency was not created by the party seeking the instruction. Peterson v. Sapp (Okl.1963), 385 P.2d 498.

■ In the instant case, the evidentiary facts on behalf of Dupree which are favorable to an inference of sudden emergency are as follows: A heavy mist was falling and the pavement was wet and slippery; it was dark enough to require headlights; a pickup was stalled in Dupree's lane of traffic with no visible lights; there was a deep bar ditch adjacent to the right shoulder of

Dupree's lane; Dupree was traveling at a speed of 25–35 m.p.h.

Although Dupree admitted that he was driving in excess of a speed which would have allowed him to stop within the distance of his headlights, it was a question for the jury to determine whether the sudden emergency was brought about by the negligence and want of care of Defendant Dupree.

The trial court was correct in instructing the jury on the issue of sudden emergency.

An instruction on unavoidable accident was given in favor of Defendant Dupree. In Wilson v. Roach, 101 Okl. 30, 222 P. 1000, this Court held:

> "An unavoidable accident is a casualty which occurs without negligence of either party and when all means which common prudence suggests have been used to prevent it."

■ The question to be answered in determining the propriety of the unavoidable accident instruction is whether the accident could have been prevented by Dupree if he had, and whether he had, exercised the care required of him as a reasonably prudent person under the existent facts of this case. Thus, would an ordinarily prudent driver have anticipated that there would be another car broadside across his lane of traffic? That question is one for the jury. See, Gwinn v. Payne (Okl.1970), 477 P.2d 680. The final question in regard to Defendant Dupree is whether the trial court was correct in overruling Plaintiff's motion for a directed verdict.

■■ It cannot be said, as a matter of law, that a motorist is liable per se where an object suddenly appears obstructing his path and he swerves across the center line to keep from colliding with that object. Dupree's testimony that he had noticed some headlights on down the road, that there was a bar ditch to his right, and that he was driving his truck at a greater speed than would allow him to stop within the

range of his headlights raises a question for the jury as to whether the defendant was negligent, and if so, whether that negligence was the proximate cause of the collision with the plaintiff.

For the same reasons given Defendant Dupree, Defendant White is not entitled to an instruction on contributory negligence.

■ The evidence on behalf of White discloses that he was driving at a reasonable speed when he first noticed the truck headlights across the highway. At this point, he took his foot off the accelerator, veered right, then upon seeing Plaintiff's car in his lane, applied his brakes and skidded into the Plaintiff. Whether this is the type action a reasonably prudent driver would have taken is a question of fact for the jury.

■ The mere fact that he did not immediately stop when temporarily blinded by the headlights is not in and of itself sufficient to hold White negligent as a matter of law. In the case of Templar v. Tongate, 71 Wyo. 148, 255 P.2d 223, 1953, both plaintiff and defendant were traveling east during the early morning hours when the sun was at a low angle, and just a few seconds after defendant's vision had been temporarily obstructed by the sun, defendant ran into the very slow moving vehicle of the plaintiff ahead of him. Judgment for defendant was affirmed on appeal. At pages 231, 232, and 233 of the opinion, the court said:

> "It is a matter of common experience that drivers of automobiles at night have their vision temporarily obscured by the headlights of approaching cars. To hold that, when temporarily blinded by headlights, it is always the duty of the driver of an automobile to stop or to so reduce his speed as to be able to stop instantly would make driving at night on roads where there is considerable traffic extremely difficult, if not impossible."

■ No strict rule should be applied in determining whether a motorist is guilty of

negligence which proximately caused an injury, in failing to stop when he is temporarily blinded. By the better rule it is, except in the most unquestionable cases, a question of fact for the jury. Farmers Union Co-operative Gin Co. v. Squyres (1944), 193 Okl. 578, 145 P.2d 949. See also 22 A.L.R.2d 292.

It is held that it is a question for the jury in the instant case whether the proximate cause of the collision by White broadsiding Plaintiff's car was due to the negligence of White in driving through the headlights which temporarily blinded him.

Defendant White is entitled to the benefit of an instruction on sudden emergency since there is a question of fact as to whether he was primarily negligent. Peterson v. Sapp (Okl.1963), 385 P.2d 498. Likewise, as to Defendant White, the trial court should instruct the jury on unavoidable accident.

In Huey v. Stephens (Okl.1954), 275 P.2d 254, the Court stated:

"An 'unavoidable accident' is one which occurs while all persons concerned were exercising ordinary care, being one not caused by the fault of any of the persons, and if the accident could have been prevented by either person by means suggested by common prudence, it is not deemed unavoidable."

Whether Defendant White could have prevented the accident is a question on which reasonable men might differ, and thus should be determined by the jury.

Reversed and remanded, with instructions to set aside the verdicts in favor of Defendants Dupree and White. The trial court is further ordered to submit the issue of liability and damages, if any, caused by Defendants White and Dupree to the jury, in accordance with the views expressed in this opinion.

All the Justices concur.