LARRY G. FISHER, APPELLANT, v. GATE CITY STEEL CORPORATION ET AL., APPELLEES.

211 N. W. 2d 914

Filed November 9, 1973. No. 38966.

Sidner, Svoboda, Schilke & Wiseman, for appellant.

William M. Lamson, Jr., of Kennedy, Holland, DeLacy & Svoboda, and Cassem, Tierney, Adams & Henatsch, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is an action for damages for personal injuries to the plaintiff which resulted when a piece of construction equipment supported by a tower and outriggers tipped or fell and struck the plaintiff. The jury returned a verdict for the defendant and the plaintiff has appealed.

The plaintiff, Larry G. Fisher, an employee of Peter Kiewit Sons' Co., was working on a construction job involving the pouring of cement into elevated concrete forms. He was struck on the head by a falling belt-crete swinger, a belt-type conveyor used to transport concrete from mixer to pour site. The belt-crete swinger was supported by outriggers and a tower which broke because of the failure of a weld on one of the outriggers. The plans and specifications for the tower and outriggers were drawn by Peter Kiewit Sons' Co. and plaintiff alleged that the defective outriggers and tower were especially constructed and fabricated by the defendant Gate City Steel Corporation according to the plans and specifications. Plaintiff was compensated for

his injuries by the workmen's compensation carrier of Kiewit and that carrier is subrogated to the extent of compensation.

The issue at trial was whether the defendant was responsible for the equipment failure, either by reason of its negligence in applying the weld, or as a manufacturer; or whether the failure was the proximate result of defective plans and specifications drawn by Peter Kiewit Sons' Co., which is not a party to this action.

The plaintiff asserted liability against the defendant on three theories: (1) Negligence; (2) breach of implied warranty; and (3) strict liability of a manufacturer. The District Court found that plaintiff had failed to establish implied warranty as a matter of law, and withdrew that theory of liability from consideration by the jury. The court submitted the case to the jury on the basis of negligence and also on the basis of strict liability and instructed the jury on both theories. The jury returned its verdict for the defendant.

The plaintiff's assignments of error are principally directed at the instructions. The initial and primary assignment of error is that the court failed to give a requested instruction to the effect that no negligence, if any, of Peter Kiewit Sons' Co. should be imputed to the plaintiff.

In this case, contributory negligence of the plaintiff in any aspect was not at issue. There is neither pleading nor proof of any contributory negligence on the part of the plaintiff. The court specifically instructed that: "Before the plaintiff can recover on the basis of negligence, the burden is upon the plaintiff to prove, * * * 1. That the defendant was negligent in one or more of the elements or particulars numbered and stated * * * 2. That said negligence, if any, of the defendant was the proximate cause, or a proximately contributing cause, of the accident." To require the jury to be instructed that no negligence of a third party could be imputed to the plaintiff would require instructions on an issue

which was not presented by the pleadings or evidence. It would have been a negative instruction on a non-existent issue.

It is inferentially argued that some more specific or elaborate instruction should have been given as to the effect of negligence on the part of both Peter Kiewit Sons' Co. and the defendant. The answer is simply that the plaintiff requested no such specific instruction. " 'Instructions must be considered and construed together, and if they are not sufficiently specific in some respects, it is the duty of counsel to offer requests for instructions that will supply the omission, and, unless this is done, the judgment will not ordinarily be reversed for such defects.' " McKinney v. County of Cass, 180 Neb. 685, 144 N. W. 2d 416.

The instruction on the liability of the defendant to the plaintiff on the theory of negligence presented the issue to the jury and correctly reflected the law on the issue. Where instructions correctly state the law, it is not error for the court, in the absence of a request for a more specific instruction, to fail to give a more elaborate one. Younker v. Peter Kiewit Sons Co., 180 Neb. 835, 146 N. W. 2d 202.

Plaintiff also contends that the court erred in instructing the jury that if the plaintiff established all the propositions required to be established, either under the theory of negligence or that of strict liability, then the jury must consider the defendant's defenses. Plaintiff contends that this was erroneous because the defendant raised no affirmative defenses but pleaded only a general denial, and the instruction improperly emphasized the evidence of the negligence of a third party. A similar contention has been answered before. " 'Where it is claimed that the conduct of another, not a party to the suit, was the sole proximate cause of the accident, such defense is not an affirmative plea in avoidance of plaintiff's cause of action and imposes no burden of proof upon defendant with relation there-

to but is one entirely consistent with and provable under the general issue.'" Schmidt v. Johnson, 184 Neb. 643, 171 N. W. 2d 64. See, also, NJI 2.01A, Comment.

Plaintiff also assigns as error the court's failure to instruct the jury on the theory of implied warranty, and also in withdrawing that issue from the jury. There can be no real doubt that plaintiff failed to establish a prima facie case on implied warranty. Even if there were some doubt as to that issue, there is little question but that the strict liability theory is essentially the liability of implied warranty divested of the contract doctrines of privity, disclaimer, and notice. Even if the possibility of error were conceded, it could scarcely have been prejudicial to the plaintiff. See Hawkins Constr. Co. v. Matthews Co., Inc., *ante* p. 546, 209 N. W. 2d 643.

Plaintiff's remaining assignments of error deal with exclusion of evidence which was largely cumulative and the refusal or the giving of other instructions. These remaining assignments of error are without merit.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.