No. C-509

**Trygve Berge v. Marilyn Louisa Berge**

(536 P.2d 1135)

Decided June 30, 1975.

Jack Levine, P.C., David L. Rice, for petitioner.

Morrato, Gueck & Colantuno, P.C., I. Thomas Bieging, for respondent.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is a divorce action commenced on July 16, 1971. The trial court ordered the father to pay child support in a lump sum amount of $52,200. The father resides in Norway. The court ordered that such sum should be a charge against certain Colorado property interests of the father. With

some modifications not here before us, the Colorado Court of Appeals affirmed. 33 Colo. App. 376, 522 P.2d 752. We affirm the court of appeals.

The trial court's order provided:

"4) To secure payment of the lump sum child support the Court shall issue a charging order against the Defendant's joint venture interest in that property described as the Maryland Creek Ranch. Said charging order shall require any profits or proceeds that the Defendant may receive from the property known as Maryland Creek Ranch to be made in payment of the lump sum child support. Any profits or proceeds from this property shall be paid into the Registry of the Denver District Court to be distributed as per the formula described above. In the event the profits or proceeds exceed Fifty Two Thousand Two Hundred Dollars ($52,200.00) then the amount that exceeds this sum shall be paid to the Defendant. Distribution from the funds held by the Registry of the Denver District Court shall be made first to satisfy any arrearages in child support, using the above formula, and then held and disbursed on a monthly basis as described above."

\* \* \* \*

"6) Child support shall be payable only from the Defendant's interest in said Maryland Creek property, subject to the provision of paragraph No. 4. Failure to make monthly payments specified herein shall not render Defendant in contempt of court. Upon the sale of said property, Plaintiff shall be entitled to a lump-sum payment equal to the then-accrued child support payments, but at no other time shall Plaintiff be entitled to a lump-sum payment."

I.

■ In his brief, here, the father (petitioner) argues that the trial court abused its discretion in awarding any child support. We need not consider the point because it was not raised in the petition for writ of certiorari. We will state, however, that we agree with the court of appeals' disposition of the issue.

II.

■ The father, in his petition for certiorari, and in the brief, has taken the position that there is no authority for "lump-sum child support," and that the court lacked jurisdiction and abused its discretion in making the lump-sum child support a charge against the father's interest in Colorado property. He cites in support of his propositions the following: *Laws v. Laws,* 164 Colo. 80, 432 P.2d 632 (1967); *Giambrocco v. Giambrocco,* 161 Colo. 510, 423 P.2d 328 (1967); *Menor v. Menor,* 154 Colo. 475, 391 P.2d 473 (1964); *Brown v. Brown,* 131 Colo. 467, 283 P.2d 951 (1955).

It will be noted that the liability of the defendant is limited to income and proceeds from the property charged. This appears reasonable to us. We find nothing in the cases cited proscribing the method of treatment here, except the prohibition in *Brown v. Brown, supra,* against an order that is confiscatory. We find nothing to support the statement of counsel

that this was a confiscatory order.

We are inclined to agree with the statement from *Loomis v. Loomis*, 181 Cal. App. 2d 345, 5 Cal. Rptr. 550 (1960), quoted by the father in his brief, as follows:

"The power conferred on a court to impose a lien on separate property of a husband is a delicate one, and must be exercised with caution lest injury be done to him and his property. The remedy is regarded as an extraordinary and harsh one to be resorted to in cases where other less onerous remedies are not available."

We have here an unusual situation in which less onerous remedies are not available. The father resides in Norway and, except for the charging order, no suggestion has been made to us as to how else the court might enforce a support money order in the event that the father chooses not to make support payments.[1]

In passing, we merely mention that the court of appeals itself modified the trial court's order, rather than remanding the matter with directions to the trial court to do so. The matter is not raised before us and therefore we do not rule on the propriety of the procedure. We do mention it, however, as it is a mode employed rarely, if ever, by this court.

Judgment affirmed.

MR. JUSTICE HODGES, MR. JUSTICE LEE and MR. JUSTICE ERICKSON do not participate.

---

[1]There is some significance in the fact that the father paid nothing for support of the children for at least eighteen months — the elapsed time between the filing of the action and the taking of testimony.