Richard JOHNSON, Administrator of the
Estate of Doris Marie Johnson,
deceased, Appellant,

v.

W. H. WADE, d/b/a Triple Clean Car
Wash, Appellee.

No. 51842.

Supreme Court of Oklahoma.

March 2, 1982.

As Corrected March 10, 1982.

Lampkin, Wolfe, McCaffrey & Tawwater by Larry Tawwater, Oklahoma City, for appellant.

Page Dobson and William C. McAlister, of Rhodes, Hieronymus, Holloway & Wilson, Oklahoma City, and Dale Wright, Edmond, for appellee.

BARNES, Vice Chief Justice:

Richard Johnson, Appellant, Administrator of the estate of Doris Marie Johnson, deceased, brought this wrongful death action under the theories of negligence and manufacturers' products liability against Appellee, W. H. Wade, d/b/a Triple Clean Car Wash. The trial court, finding that products liability criteria were not met, sustained Appellee's demurrer to the evidence on said theory and submitted the case to the jury on the negligence theory only. The jury returned a unanimous verdict for Appellee. Appellant raised the following six issues on appeal:

(1) The court erred in refusing to apply the doctrine of manufacturers' products liability to the present action;

(2) The trial court erred by instructing the jury that Appellant had "no case" in products liability;

(3) The trial court erred in instructing the jury that Appellee did not have the burden of proof on its allegation of third party negligence;

(4) The trial court erred in giving Instruction No. 8 because it had the effect of imputing any negligence of the third party to Doris Johnson;

(5) The trial court erred in refusing to give Appellant's proposed instruction on sudden emergency;

(6) The trial court erred in refusing to allow opinion on the ultimate fact issue by the expert witness.

The Court of Appeals affirmed the trial court's sustention of the demurrer concerning manufacturers' products liability, but reversed and remanded on the issue of burden of proof in a third party negligence claim. Having reversed, the Court of Appeals did not deem it necessary to consider the other propositions of error presented by Appellant. Appellee sought certiorari only on the issue of burden of proof in a third party negligence claim. Having previously granted certiorari, we vacate that portion of the Court of Appeals opinion dealing with said issue and affirm the jury verdict of the trial court.

Doris Johnson, accompanied by her friend, Dorothy White, drove to a self-service, twenty-four hour coin operated car wash in Edmond, Oklahoma. The car was placed in a wash stall and one of the women placed a quarter in the machine, that turned on the water and soap that flow through a house and wand. Before Doris Johnson got hold of the wand, it flew out of its holder, spraying water and soap. The flailing wand either hit Doris Johnson on the head or caused her to fall to the ground or to the side wall of the wash stall. The evidence is disputed as to which woman, Doris Johnson or Dorothy White, actually put the coin in the machine. There was further evidence that a previous customer had improperly put the wand back into its holder and had bent it to a ninety degree angle.

As previously stated, Appellee's petition for certiorari only asserted as error that part of the Court of Appeals opinion that held that the trial court committed reversible and fundamental error in failing to charge the jury that Appellee had the burden of proof as to a third party negligence claim. No answer by Appellant to Appellee's petition for certiorari was filed. This Court granted certiorari on July 18, 1980. Following this Court's grant of certiorari, Appellant then requested permission to submit a supplemental brief on the manufacturers' products liability issue. Such supplemental brief was filed on September 30, 1980. Appellant, as party respondent to petition for certiorari, cannot raise a question on review unless he petitions for relief and assigns error on the point, and where such a party does not file application for rehearing in Court of Appeals and does not

petition for certiorari and he cannot question the correctness of a part of the judgment or decree which is not challenged.[1] Any party who desires this Court to review a decision of the Court of Appeals, or any portion thereof, be he "winner" or "loser" in the Court of Appeals and must petition for rehearing in the Court of Appeals and must petition this Court for certiorari.[2] Issues not raised in petition for certiorari to review Court of Appeals decision will not be considered.[3] We therefore decline to review the Court of Appeals' ruling that the trial court had acted properly in sustaining a demurrer to appellant's action based on manufacturers' products liability.

Appellee, in his petition for certiorari, contends that the Court of Appeals erred in holding that the defense of third party negligence by appellee was an "affirmative defense," carrying with it a corresponding duty of proof, and further contends that the trial court's instruction to the jury that appellee had no burden of proving third party negligence was correct. Instruction No. 5 in part reads:

"As to the allegation by the defendant that Dorothy White was negligent in not following the posted instructions by failing to turn the switch to the 'off' position before inserting and turning the coin device before the wand was held, the defendant has no burden of proof...."

Contributory negligence in Oklahoma is an affirmative defense upon which the defendant has the burden of proof.[4] The plaintiff is not required to prove the absence of contributory negligence as a part of his case, but has the burden of making out his prima facie case against defendant: duty, breach, causation. The jury may consider all the evidence, plaintiff's as well as defendant's, in determining whether there was contributory negligence.[5]

Appellant contends that since the appellee had the burden of proving by a preponderance of evidence that appellant, Doris Johnson, was contributorily negligent, it is only logical to place upon appellee the burden of proving third party negligence, as well. Instruction No. 5, however, did not impose the burden of proving third party negligence on the appellant; it simply stressed the fact that appellant must prove a prima facie case:

"The jury shall consider the evidence as to this allegation in considering whether or not the plaintiff's allegations against the defendant have been proven by a preponderance of the evidence." (Instruction No. 5).

Appellee argues that the case of *Cabiniss v. Andrews*, 258 P.2d 180 (Okl.1953), holds that a defensive claim of third party negligence is a theory of defendant's case raised with the purview of a general denial and is not in the nature of an affirmative defense. In *Cabiniss*, we stated that:

"... under general denial and a plea of unavoidable accident, defendant is entitled to rely on any state of facts which tend to disclose lack of negligence upon his part without the necessity of pleading such matters as in the nature of an affirmative defense." (258 P.2d 182).[6]

■ Since Oklahoma does not require third party negligence to be specifically pleaded, as it does for contributory negligence,[7] it follows that third party negligence is not an affirmative defense, but is a negative defense, which goes to causation and does not require a burden. The Nebraska Supreme Court, in *Schmidt v. Johnson*, 184 Neb. 643, 171 N.W.2d 64 (1969), stated:

---

1. 14 C.J.S. Section 150.

2. 12 O.S.Supp. 1976, Ch. 15, App. 3, Rule 3.13.

3. *Berge v. Berge*, 189 Colo. 103, 536 P.2d 1135 (1975).

4. *Hair v. Wilson*, 391 P.2d 789 (Okl.1964); *Kansas City Southern Railway Co. v. Marrow*, 326 P.2d 817 (Okl.1958); *City of Hartshorne v. Carlomango*, 287 P.2d 696 (Okl.1955).

5. *Eagle-Picher Mining & Smelting Co. v. Drinkwine*, 192 Okl. 662, 141 P.2d 66 (1943).

6. See also *Otis Elevator Co. v. Melott*, 281 P.2d 408 (Okl.1955); *Gillette Dairy, Inc. v. Hydrotex Industries, Inc.*, 440 F.2d 969 (8th Cir. 1971).

7. *Hancock v. Thigpen*, 208 Okl. 595, 256 P.2d 428 (1953); 12 O.S. 1971 § 272.

"Where it is claimed that the conduct of another, not a party to the suit, was the sole, proximate cause of the accident, such defense is not an affirmative plea in avoidance of plaintiff's cause of action and poses no burden of proof on defendant with relation thereto, but is one entirely consistent with and provable under the general issue." (171 N.W.2d 67.)

■ Since third party negligence concerns the issue of causation, it is the province of the plaintiff until a prima facie case is made out.[8] The defendant then has the burden of going forward with the evidence after the plaintiff has made his prima facie case.

Appellant reads the recent case of *Paul v. N. L. Industries, Inc.*, 624 P.2d 68 (Okl. 1980), as placing the burden of proof on the Appellee when there is a third party alleged to be negligent. The *Paul* case holds only that the negligence of non-party tortfeasors should be considered by the jury in order to apportion negligence. The *Paul* case does not expressly assign the burden of proof to either party, although the result is that plaintiff must bear the risk of non-joined parties:

"On the one hand, should evidence of third party tortfeasor's negligence be admitted into evidence for the purpose of properly apportioning the degree of negligence, it would force the plaintiff to not only prove negligence on the part of the defendant, but also to prove non-negligence on the part of the third parties.

"On the other hand, should such third party negligence not be admitted into evidence, the defendant runs the risk of bearing the entire financial burden of plaintiff's misfortune when he may only be slightly negligent for causing injury when his negligence is compared to the total negligence of all parties. This may defeat the purpose of several liability as expressed in *Laubach* [v. *Morgan*, 588

P.2d 1071 (Okl.1978)] requiring the slightly negligent party to pay for a disproportionate part of the others not party to the suit. Such a result should not be permitted if we are to remain true to the several liability of *Laubach*, see 12 O.S. 1971 § 178 Second." (624 P.2d 69–70.)

■ We hold that a claim of third party negligence pleaded under a general denial is not an affirmative defense, but goes to the causation issue. The trial court did not commit error in Instruction No. 5.

Since we are affirming the trial court and reversing the Court of Appeals on the issue of Appellee's burden of proof in a third party negligence claim, it now becomes necessary to consider and address the other propositions of error presented by Appellant, in order to ascertain if the jury verdict was effective.

■ Appellant complains that the trial court prejudiced the Appellant by specifically instructing the jury that Appellant had "no case" in products liability. Appellant brought this action upon the theories of negligence and products liability. Both theories remained viable until the court sustained Appellee's demurrer to the products liability theory at the close of Appellant's evidence. It is the duty of the trial court to define and properly limit the issues submitted to the jury for determination,[9] and in this case it was necessary for the court to advise the jury that it had ruled the theory of products liability was not applicable as a matter of law under the evidence in the case so that they might understand the boundaries of their charge. While it might have been more appropriate to instruct that the products liability issue was "withdrawn from consideration,"[10] considering the instructions as a whole, which instructed upon the general issue of negligence and the affirmative defense of contributory negli-

8. *Fisher v. Gate City Steel*, 190 Neb. 699, 211 N.W.2d 914 (1973); *Whisnant v. Holland*, 206 Or. 392, 292 P.2d 1087 (1956).

9. *Schaff v. Richardson*, 254 P. 496 (Okl.1926).

10. *Clayton v. McIlrath*, 241 Iowa 1162, 44 N.W.2d 741.

gence, it does not appear that the rights of Appellant were prejudiced.[11]

Appellant alleges that the court erred in giving Instruction No. 8, because it had the effect of imputing any negligence of Dorothy White to Appellant's decedent, Doris Johnson. Instruction No. 8 sets out four alternatives for the jury in determining negligence:

"(1) If you find that the accident was caused solely by negligence on the part of the defendant, W. H. Wade dba Triple Clean Car Wash, and not by any negligence on the part of the decedent, Doris Marie Johnson, or on the part of Dorothy White, either of which contributed to the cause of the accident, then your verdict should be in favor of the plaintiff and against the defendant and you should use Verdict Form No. 1.

"(2) On the other hand, if you find that the accident was caused solely by the negligence on the part of the decedent, Doris Marie Johnson, or on the part of Dorothy White, or partly by negligence on the part of both of them, and not by any negligence on the part of the defendant, W. H. Wade dba Triple Clean Car Wash, that contributed to the cause of the accident, then your verdict should be in favor of the defendant and you should use Verdict Form No. 2.

"(3) If you find that the accident was caused by negligence on the part of both the decedent, Doris Marie Johnson and/or on the part of Dorothy White and the defendant, W. H. Wade dba Triple Clean Car Wash, then you must determine the percentages of their negligence as it compares to 100% and so indicate on Verdict Form No. 3.

"(4) If you find that neither party has sustained its burden of proof as to the negligence of the other party in the causing of the accident in question, you may find 0% negligence on the part of both parties on Verdict Form No. 3."

While it is true that paragraph (3) suggests that Dorothy White's negligence can be imputed to Appellant's decedent and that paragraph (1) suggests that Appellant cannot recover fully if there was negligence concurrent with Appellee's, either by Dorothy White or Doris Johnson, said instructions constitute harmless error inasmuch as the jury did not make a finding which required use of the Verdict Form No. 1 or Verdict Form No. 3. The jury used paragraph (2) of the instruction and Verdict Form No. 2, which was to be used only if there was no negligence on the part of Appellee, and which so stated, i.e., "and not by any negligence on the part of the defendant". A judgment will not be disturbed because of an erroneous instruction unless it appears that the jury was misled thereby, resulting in prejudice to the complaining parties.[12]

In the instant case, Appellant was not harmed by the giving of the 1st and 3rd alternatives in Instruction No. 8, inasmuch as the jury did not make any findings under such alternatives.

It is asserted on behalf of Appellant that an instruction on the sudden emergency doctrine was applicable as a counter defense to the allegation that Appellant's decedent was guilty of contributory negligence. In *Carnes v. White*, 511 P.2d 1101 (Okl.1973), we affirmed the trial court's instruction on sudden emergency and reiterated the requisites of said doctrine:

"... (1) There must be facts sufficient to raise an inference of sudden emergency; (2) It must be made to appear that the emergency was not created by the party seeking the instruction."

Since the evidence was not clear as to whether Appellant's decedent was responsible for creating the emergency, the sudden emergency instruction should have been given. However, an erroneous instruction is not cause for reversal, unless it is shown to have probably misguided the

---

11. *Gasko v. Gray*, 507 P.2d 1231 (Okl.1972).

12. *Wilkerson Motor Co., Inc. v. Johnson*, 580 P.2d 505 (Okl.1978); *Hames v. Anderson*, 571

P.2d 831 (Okl.1977); *Fields v. Volkswagen of America, Inc.*, 555 P.2d 48 (Okl.1976); 20 O.S. 1971, § 3001.1; 12 O.S. 1971, § 78.

jury; otherwise, it is harmless.[13]   Since the jury returned a unanimous verdict for the defendant and did not compare the negligence of the parties or the non-party, the failure to give Appellant's proposed instruction on sudden emergency could not have misguided the jury.   The error was therefore harmless.

■   Lastly, Appellant complains that the trial court erred in not allowing Appellant's expert witness to express an opinion on the ultimate fact issue.   According to the Oklahoma Evidence Code, 12 O.S. § 2704, effective October 1, 1978, testimony by expert "in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Because this trial occurred before the evidence code became effective, we must rely on the general rule stated in *Barger v. Mizel*, 424 P.2d 41 (Okl.1967):

> "... It is recognized and generally held that opinion evidence by an expert regarding the ultimate fact in issue is inadmissible."

The exception to the general rule is when the conclusion to be drawn from the facts depends upon professional or scientific knowledge and is not within the capabilities of juries or ordinary training or intelligence.[14]   As said in *Tuck v. Buller*, 311 P.2d 212 (Okl.1957):

> "A wide latitude of discretion is given trial court in determining admissibility of expert testimony or expert opinion."

■   Since the operation of the car wash is not highly technical, and the expert's testimony allowed the jury to deduce whether conditions were unsafe or the wand defective, we hold there was no error in the court's refusal of testimony as to the ultimate fact issue.

For the above stated reasons, that portion of the Court of Appeals opinion dealing with the issue of the burden of proof in Appellee's allegation of third party negligence is reversed and vacated, and the trial court's jury verdict is affirmed.

IRWIN, C. J., HODGES, LAVENDER, DOOLIN, HARGRAVE and OPALA, JJ., and CORNISH, Special Judge, concur.

SIMMS, J., concurring in part, dissenting in part.

The Honorable TOM CORNISH was appointed the special judge to fill the vacancy created by the death of WILLIAMS, J.

SIMMS, Justice, concurring in part, dissenting in part.

I agree with the majority on the accuracy of Instruction No. 5.   Third party negligence does not constitute an affirmative defense; it merely controverts one of plaintiff's essential allegations.

I respectfully dissent, however, from the majority's treatment of other instructions. Standing alone, Instruction No. 5 is correct, but when coupled with Instruction No. 8, the instructions convey the misleading impression that the jury must make a choice as to whether defendant or a third party was the cause of the accident.   As we stated in *Dismuke v. Miller*, 344 P.2d 1049 (Okl. 1959) regarding the issue of third party negligence:

> "... it would be much better practice to clarify it by an express instruction on the law concerning negligence and causal connection, and thereby expressly inform the jury that even though the third party was negligent ... the defendants might also be liable if there was concurring negligence on their part." 344 P.2d at 1052.

When instructions charge the jury to impute negligence inappropriately and suggest that a defendant must be solely negligent to be liable, as they do in the instant case, it is reasonably certain the jury will be misled.

---

13.   *Wilkerson Motor Co., Inc. v. Johnson*, supra; *Hames v. Anderson*, supra.

14.   *Braggs v. Reese*, 357 P.2d 997 (Okl.1960); *Missouri-Kansas-Texas Railroad Co. v. Edwards*, 361 P.2d 459 (Okl.1961).

Furthermore, I believe the trial court's Instruction No. 2 advising the jury that plaintiff had "no case" in products liability was prejudicial, especially considering the often intersecting concepts of manufacturers' products liability and negligence. The statement that plaintiff has "no case" in products liability carries with it the suggestion that other aspects of plaintiff's case are also doomed. Such a statement alone, without an accompanying explanation of the continued vitality of plaintiff's case in negligence, singles out and emphasizes a fact to the exclusion of others. The admonition that a certain issue is "withdrawn from consideration" by the jury belongs after a demurrer to the evidence, not as a prelude to numerous jury instructions. In jury instructions emphasis should be placed on the issues presented by the evidence, not on questions of law already decided by the court. *Page v. Hardy*, 334 P.2d 782 (Okl. 1958).