**Daniel BREWER, Appellant,**

v.

**JEEP CORPORATION, American Motors Sales Corporation; and American Motors Corporation, Appellees.**

No. 82–2149.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1983.

Decided Dec. 30, 1983.

Phillip Carroll, Jerry C. Jones, Rose Law Firm, P.A., Little Rock, Ark., for appellant.

Davis, Cox & Wright, Fayetteville, Ark., for appellees, Jeep Corp., American Motors Corp. and American Motors Sales Corp.

Before ROSS and McMILLIAN, Circuit Judges, and COLLINSON, District Judge.*

ROSS, Circuit Judge.

The facts of this appeal are as follows. The appellant Danny Brewer was seriously injured when his American Motors jeep rolled over. The accident occurred after Brewer, who had allowed the jeep's right side tires to drop onto the shoulder of the highway, attempted to turn back onto the main roadway. The vehicle was traveling at approximately forty-five miles an hour when the accident occurred. Brewer was not wearing a seat belt and, although not proved to be intoxicated, he had consumed several beers prior to driving.

The case was tried to a jury in federal district court [1] on breach of warranty, strict liability in tort and negligence causes of action. Jurisdiction was based upon diversity of citizenship. 28 U.S.C. § 1332 (1976). The case, submitted to the jury on a special verdict, was resolved in favor of the defendants with findings that the jeep was not defective and unreasonably dangerous and that Danny Brewer was 89% negligent. The latter verdict precluded any recovery for negligence under Arkansas law. ARK. STAT.ANN. § 27–1765 (1979).

---

* The Honorable William R. Collinson, Senior United States District Judge for the Eastern and Western Districts of Missouri.

1. The Honorable Franklin Waters, United States District Judge for the Western District of Arkansas.

Danny Brewer appeals to this court alleging error in the rulings and conduct of the trial. We affirm.

I. The district court did not instruct the jury on the breach of warranty cause of action and the appellant argues that this constitutes reversible error.

■ It is well established that a refusal to give a particular instruction is not error if its substance is covered by those actually given. *Wright v. Farmers Co-op*, 620 F.2d 694, 697 (8th Cir.1980). In this diversity action the substantive law must of course be drawn from Arkansas, but the granting or denial of an instruction, as well as its form, is a matter of procedure controlled by federal law. *Barger v. Charles Mach. Works, Inc.*, 658 F.2d 582, 586 (8th Cir.1981).

The trial court, instructing the jury on strict liability, read the following:

# 19. "unreasonably dangerous", as used in these instructions means that a product is dangerous to an extent beyond that which would be contemplated by the ordinary and reasonable buyer, consumer or user who acquires or uses such product, assuming the ordinary knowledge of the community, or of similar buyers, users or consumers, as to its characteristics, propensities, risks, dangers and proper and improper uses, as well as any special knowledge, training or experience possessed by the particular buyer, user or consumer or which he or she was required to possess.

T., v. 3, p. 292.

Arkansas defines the implied warranty of merchantability as

(2) Goods to be merchantable must be at least such as

(a) pass without objection in the trade under the contract description; and

\* \* \* \* \* \*

(c) are fit for the ordinary purposes for which such goods are used;

ARK.STAT.ANN. § 85–2–314 (1979).

In the last twenty years a debate has developed over the theoretical relationship of strict liability in tort and breach of warranty; in particular the implied warranty

of merchantability. The authorities have taken one of two basic positions. On the one hand, there are those jurisdictions which hold that the degree of defectiveness necessary for a case in strict tort is equal to that required in a breach of warranty action. The court in *Foster v. Ford Motor Co.*, 621 F.2d 715 (5th Cir.1980) when construing the law of Texas adopted this position. "The negative implication of the warranty requirement that goods be 'fit for the ordinary purposes for which such goods are used' is that the goods not be unreasonably dangerous." *Id.* at 719. Other courts have agreed with the *Foster* court. *Gumbs v. International Harvester, Inc.*, 718 F.2d 88 (3rd Cir.1983); *Fisher v. Gate City Steel Corp.*, 190 Neb. 699, 211 N.W.2d 914, 917 (1973). Other courts however have determined that the burden of proof in a strict liability action based, as is Arkansas's, on Restatement (Second) of Torts § 402A (1965) involves more than the simple proof of defect. *See Greenman v. Yuba Power Co.*, 59 Cal.2d 57, 27 Cal.Rptr. 697, 377 P.2d 897 (1962).

In Arkansas the doctrine of strict liability in tort was adopted through legislative action.

**Liability of supplier—Conditions.—**A supplier of a product is subject to liability in damages for harm to a person or to property if:

(a) the supplier is engaged in the business of manufacturing, assembling, selling, leasing or otherwise distributing such product;

(b) the product was supplied by him in a defective condition which rendered it unreasonably dangerous; and

(c) the defective condition was a proximate cause of the harm to person or to property.

ARK.STAT.ANN. § 85–2–318.2 (Cum.Supp. 1981). The Arkansas Supreme Court construed this statute in the case of *Berkeley Pump Co. v. Reed-Joseph Land Co.*, 279 Ark. 384, 653 S.W.2d 128 (1983).

In *Berkeley Pump Co.*, the court addressed the question of whether strict liabil-

ity in tort could be the basis for a recovery of economic losses from a crop failure caused by drought and the purchase of irrigation pumps with insufficient capacity. In finding that such a recovery was not possible the court noted:

> Here, we can find no evidence that the defectiveness of Berkeley's pumps rendered them dangerous—inadequate and dysfunctional, to be sure, but not dangerous. The pumps may have failed to produce the volume of water Reed-Joseph had a right to expect, but those are issues of warranty, negligence, or misrepresentation and do not render them unreasonably dangerous within the meaning of our act.

*Id.* at 132.

It appears clear then that Arkansas requires an additional element, over and above the defect necessary for a warranty action, to be demonstrated if a cause of action in strict liability is to lie. The additional element is, of course, that the defect be of such a nature as to cause the product to become unreasonably dangerous.

> Moreover, the comments to 402A and our Act 511 define unreasonably dangerous as requiring something *beyond* that contemplated by the ordinary and reasonable buyer, taking into account any special knowledge of the buyer concerning the characteristics, propensities, risks, dangers, and proper and improper uses of the product.

*Id.* at 133. Since under Arkansas law the burden of proof in strict liability is quantitatively greater than it is in a breach of warranty action, as a general rule a failure to instruct the jury on the warranty issue cannot be rendered harmless by the granting of instructions on strict liability. We must emphasize that the above rule is only general in nature and may, as in this case, be subject to exceptions.

The court in *Hallberg v. Brasher,* 679 F.2d 751 (8th Cir.1982) set out the following guidelines:

> However, despite our conviction that the plaintiffs' instruction was erroneously refused, such error is not reversible *per se* but must be judged by the standard of "harmless error" established under rule 61 of the Federal Rules of Civil Procedure. Specifically, errors in jury instructions are reversible only if they adversely affect the substantial rights of the complaining party. *E.g., Flanigan v. Burlington Northern Inc.,* 632 F.2d 880, 889 (8th Cir.1980), *cert. denied,* 450 U.S. 921, 101 S.Ct. 1370, 67 L.Ed.2d 349 (1981). In ascertaining whether substantial rights have been affected, we look to the record as a whole, considering the allegations of the complaint, opening statements, the evidence, closing argument and the instructions. *Alloy International Co. v. Hoover-NSK Bearing Co.,* 635 F.2d 1222, 1226 (7th Cir.1980). Furthermore, the error should be evaluated in light of the verdict. *See Kotteakos v. United States,* 328 U.S. 750, 764, 66 S.Ct. 1239, 1247, 90 L.Ed. 1557 (1946). *See generally* 11 C. Wright & A. Miller, *Federal Practice & Procedure § 2883* (1973).

*Id.* at 757–58.

At trial the appellant relied on the same allegation of defect to support his claim in both breach of warranty and strict tort. According to the appellant, the jeep, having a strong tendency to roll, was defective because it was unstable. If appellant is correct the alleged defect is of such a nature that the danger flowing from it must be considered to be inherently unreasonable. The jury must then have determined either that the propensity toward rollover was not established at trial or that such a characteristic was not, given the nature and purpose of the vehicle, a defect in design or construction. Since that is the case, the failure to instruct on breach of warranty did not affect any substantial right of the appellant and this error must be considered harmless. Unless a party has been prejudiced by the error we are not at liberty to disturb the verdict. *Paymaster Oil Mill Co. v. Weston,* 610 F.2d 501, 503 (8th Cir.1979).

II. The second issue raised by the appellant also centers on the instructions. The appellant argues that the trial court's fail-

ure to give a sudden emergency instruction was reversible error. In this case Danny Brewer is argued to have faced two separate emergencies. The first occurred when his jeep wandered off the main roadway, and the second when the tires on the jeep's left side began to lift off the ground. The jury, it is argued, should have been able to judge the appellant's actions under the following standard:

> A person who is suddenly and unexpectedly confronted with danger to himself or others not caused by his own negligence is not required to use the same judgment that is required of him in calmer and more deliberate moments. He is required to use only the care that a reasonably careful person would use in the same situation.

The instruction actually given to the jury on this question read:

> It is the duty of the driver of a motor vehicle to keep his vehicle under control. The control required is that which a reasonably careful driver would maintain under circumstances similar to those shown by the evidence in this case. A failure to meet the standard of conduct required by this rule is negligence.

Arkansas law allows the emergency instruction to be read to the jury only if the emergency was not the creation of the party making the request. *Williams v. Carr,* 263 Ark. 326, 565 S.W.2d 400, 403 (1978). In light of the undisputed evidence that the appellant allowed the jeep to wander off the road and other evidence tending to establish contributory negligence, we find that the trial court did not err when it refused to give the emergency instruction. The jury's determination of the relative fault of the parties supports this conclusion.

III. The third issue on appeal presents an evidentiary question. The trial court refused to admit into evidence a film, commissioned by AMC, which dealt with the subject of jeep rollovers unless a companion report written by the film makers was also offered into evidence. This ruling was based on the considerations expressed in FED.R.EVID. 106, which states:

## Rule 106. Remainder of or Related Writings or Recorded Statements

When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

The appellant argues that as the film, which all parties agree was an admission by a party opponent, was not a deposition, its admission should not be limited by this rule.

We note at the outset that a trial court's rulings on the admissibility of evidence are subject to review under the abuse of discretion standard. *Radtke v. Cessna Aircraft Co.,* 707 F.2d 999, 1001 (8th Cir. 1983). Furthermore, Federal Rule of Evidence 102 orders the courts to construe these rules in such a manner as to promote the growth and development of the law while securing fairness in its administration. In this case the trial court's order, though novel, was fair. The appellant was free to introduce the film containing the jeep rollovers but only upon the condition that the written study explaining these graphic scenes also be offered. The trial court's order required only that the complete report be admitted, the mundane as well as the sensational. In this the trial court was fair and its exercise of discretion was not an abuse.

We have carefully reviewed the other issues raised by the appellant and find that they are without merit. We therefore affirm the judgment of the trial court.